### UNITED STATES v. FOTTO et al.

United States District Court
S. D. New York.
March 20, 1952.

Myles J. Lane, U. S. Atty., New York City, by David S. Carton, Asst. U. S. Atty., New York City, for plaintiff.

Mordecai M. Merker, New York City, for defendant LoCascio.

GODDARD, District Judge.

These are two motions by the defendant, Frank LoCascio. One—to dismiss an indictment as to him on the ground that the court does not have jurisdiction to try him on the indictment; Two—in the event the first motion is denied, for a severance and separate trial. The indictment contains "Six" Counts charging five of the defendants with violation of Title 18 U.S. C.A. §§ 371, 472 and 473. The only count charged against LoCascio is the "Fifth" Count, which charges him with the possession of $100 in counterfeit Federal Reserve Bank notes.

LoCascio's ground for dismissal is that he should be treated as a juvenile delinquent under Title 18 U.S.C.A. § 5032 as he is charged with having possession of the notes on August 8, 1950, when he was only seventeen years of age. He was born on September 24, 1932, and would not be eighteen until September 24, 1950.

He was indicted in October, 1950, after reaching eighteen. He has pleaded not guilty and has consented to be treated as a juvenile. The Attorney General has not expressly directed otherwise.

 The question is whether the defendant under eighteen when the offense was committed, but over eighteen when indicted, is entitled to be treated as a juvenile under the Juvenile Delinquency Act. The pertinent parts of the Act are as follows:

Section 5031. Definitions "For the purposes of this chapter a 'juvenile' is a person who has not attained his eighteenth birthday, and 'juvenile delinquency' is the violation of a law of the United States committed by a juvenile and not punishable by death or life imprisonment."

Section 5032. Proceeding against juvenile delinquent

"A juvenile alleged to have committed one or more acts in violation of a law of the United States not punishable by death or life imprisonment, * * * shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise.

"In such event the juvenile shall be proceeded against by information and no criminal prosecution shall be instituted for the alleged violation".

Section 5034. Probation; commitment to custody of Attorney General; support

"If the court finds a juvenile to be a delinquent, it may place him on probation for a period not exceeding his minority, or commit him to the custody of the Attorney General for a like period. * * *

"The Attorney General may designate any public or private agency or foster home for the custody, care, subsistence, education, and training of the juvenile during the period for which he was committed. * * *"

Counsel have not cited and I have not found any decision in which this feature of the Federal Juvenile Delinquency Act has been passed upon.

There are a number of decisions in the state courts. Some hold that the age at the time the offense is committed is the determinative age; but the majority of the state courts hold that it is the age at the time of the indictment or of the trial. Most of the opinions are found in 123 A. L.R. 446. I shall not lengthen this memorandum by quoting them here. But state court decisions do not afford much light on the problem as the wording of the various state statutes differs from each other and from the Federal Act.

Moreover, the Federal Act excludes crimes involving capital punishment or life imprisonment. The great majority of the other offenses will be barred by the three year Statute of Limitation, 18 U.S.C.A. § 3282. Consequently, most, if not all, the extreme results feared by some of the state courts when a juvenile offender was not apprehended until many years later would not arise under the Federal Act.

As a general rule the punishment for an offense is that provided by the law in effect at the time the offense is committed. It seems to be clearly indicated in Section 5031 that the Act was intended to apply to one who was a juvenile at the time the offense was committed, for it says—"* * * 'juvenile delinquency' is the violation of a law * * * *committed by a juvenile* and not punishable by death or life imprisonment". [Emphasis supplied.]

If this was not the intention of the Congress, I think it would not have failed to say what was the determinative date—the arrest, the indictment, or time of trial. If either of the latter dates, the indictment or the trial might be delayed to the prejudice of the offender and the purpose of this Act possibly nullified.

The Juvenile Delinquency Act was inspired by several good purposes: Recognition of the fact that a person under the age of eighteen does not have mature judgment and may not fully realize the nature of his act or the consequences; also that he should not have to bear the stigma of a criminal for the rest of his life because of a violation of the law when he was young, and that he should be encouraged by proper supervision and a changed environment to become a law abiding citizen.

As Section 5034 provides that if the court find a juvenile to be a delinquent, the court may place him on probation for a period not exceeding his minority or commit him to the custody of the Attorney General for a like period, it may be contended that the jurisdiction under the Juvenile Delinquency Act was limited to offenders under the age of eighteen at the time of the hearing; otherwise no adequate probation or custody could be imposed. The answer to and remedy for this situation is contained in Section 5032, which provides that the juvenile shall be proceeded against as a juvenile delinquent unless the Attorney General has expressly directed otherwise, which it may be reasonably assumed he would do in an appropriate case.

The indictment as to LoCascio is dismissed. As the indictment as to him is being dismissed, it is unnecessary to consider the motion for a severance.