## UNITED STATES v. WEBB.
### Cr. No. 16697.

United States District Court
W. D. Oklahoma.
May 29, 1953.

Harry G. Foreman, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

O. A. Cargill, Jr., and Albert D. Lynn, Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

The petitioner, Oscar Odell Webb, was originally sentenced in the Western District of Missouri on May 31, 1951, to serve five years under the Federal Juvenile Delinquency Act [1] for transporting a stolen automobile interstate. On October 29, 1952, the petitioner was sentenced by this court to serve five years, consecutively, for instigating a riot at the El Reno Federal Reformatory.

The petitioner requests that the sentence imposed by this Court be modified or the judgment set aside for the following reasons:

1. That he was a minor at the time of trial and was not given the choice of being tried as a juvenile,[2] or adult, as prescribed by law.

2. That although represented by counsel, his counsel retired from the case before the trial was completed and no new counsel was available.

3. That due to the harsh and cruel treatment rendered by the detaining authorities before trial and because of fear of reprisal by the other parties involved he entered a false plea of guilty.

The first reason, just mentioned, raises the question of whether a juvenile can be prosecuted by indictment without being advised of his right to be proceeded against

1. Title 18, U.S.C.A. §§ 5031–5037.

2. Ibid. § 5031 provides: "For the purposes of this chapter a 'juvenile' is a person who has not attained his eighteenth birthday, and 'juvenile delinquency' is the violation of a law of the United States committed by a juvenile and not punishable by death or life imprisonment. * * * *"

as a juvenile delinquent where the record fails to show an express direction by the Attorney General that the juvenile should be tried as an adult.

The present statute dealing with "Proceeding against juvenile delinquent", 18 U.S.C.A. § 5032, provides in part:

"A juvenile alleged to have committed one or more acts in violation of a law of the United States not punishable by death or life imprisonment, and not surrendered to the authorities of a state, *shall be proceeded against as a juvenile delinquent if he consents to such procedure, unless the Attorney General, in his discretion, has expressly directed otherwise. * * *"* (Emphasis supplied.)

█ As mentioned by the Court in U. S. v. Fotto,[3] the purpose of this chapter was to spare youths from having to bear the stigma of a criminal for the rest of their lives because of a violation of the law and to encourage such youths, by proper supervision and changed environment, to become law-abiding citizens; this chapter was enacted with the realization that persons under the age of eighteen do not have mature judgment and may not fully realize the nature or consequences of their acts.

The petitioner does not fall precisely within the avowed purpose of this statute inasmuch as he, at the time of the offense in question, was serving time in a Federal Reformatory. Doubtless, the United States Attorney took cognizance of this fact when he proceeded against the petitioner under the indictment rather than proceeding against the petitioner as a "juvenile delinquent". It could forcibly be argued that the actions by the United States Attorney constituted a substantial compliance with the statutory requirement, "unless the Attorney General, in his discretion, has expressly directed otherwise."

A reading of former section 922 upon which the presently effective statute section 5032 is based gives some aid. The pertinent part of that statute provided:[4]

"* * * he shall be prosecuted as a juvenile delinquent if the Attorney General in his discretion so directs and the accused consents to such procedure. * * *"

Intentionally, or otherwise, the Congress has emphasized the right to be proceeded against as a juvenile under the new phrasing contained in section 5032. In the former section the right to be proceeded against as a juvenile only existed *if* the Attorney General "so directs", and as held in U. S. v. Fotto, supra, the accused's counsel could not urge that the accused be prosecuted as a juvenile delinquent instead of by indictment as in the case of an adult *where the Attorney General in his discretion had not directed that the accused be prosecuted as a juvenile delinquent.* However, in the new statute, section 5032, the accused, "shall be proceeded against as a juvenile delinquent * * * unless the Attorney General, in his discretion, has expressly directed otherwise."

█ The Court believes that to construe by implication that this portion of the statute was met would do violence to the plain wording of the statute, and is of the opinion that legal orderliness requires that a hearing be granted the petitioner under 28 U.S.C.A. § 2255 inasmuch as the sentence in question was imposed "in violation of the * * * laws of the United States".[5] At such hearing the Attorney General can indicate a willingness to permit

---

3. D.C.N.Y.1942, 103 F.Supp. 430.

4. Former Title 18, U.S.C.A. § 922.

5. 28 U.S.C.A. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

the petitioner to be proceeded against as a juvenile delinquent or can "expressly direct otherwise". At that time the Court will be in a position to properly dispose of the case.

court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."