The UNITED STATES

v.

Paul L. JONES, also known as Livie Paul Jones.

The UNITED STATES

v.

Frederick W. DRAKE.

The UNITED STATES

v.

Emuel Talmedge BRICKHOUSE, also known as Emanuel Brickhouse.

The UNITED STATES

v.

James Lee JONES.

Crim. Nos. 9401–9404.

United States District Court
E. D. Virginia, Norfolk Division.
June 12, 1956.

L. S. Parsons, Jr., U. S. Atty., William F. Davis, Asst. U. S. Atty., Norfolk, for plaintiff.

Austin E. Owen, Norfolk, Va., for defendants.

HOFFMAN, District Judge.

On appeal from the judgment of United States Commissioner Harry A. Brinkley, now deceased, the pertinent facts appear to be as hereinafter stated.

■ The defendants were brought before the Commissioner charged with the crime of tampering with a Government-owned vehicle at the United States Naval Base, Norfolk, Virginia. They were each informed by the Commissioner of the nature of the complaint, advised of their right to retain counsel and preliminary hearing, and signed a consent to be tried by the United States Commissioner on the charge as heretofore stated. The alleged offense occurred on August 11, 1955; the complaint was filed and warrant of arrest issued on August 15, 1955; and the case was heard by the Commissioner on August 16, 1955, with a result that each defendant was found guilty and placed on probation for a period of six months without supervision. The Commissioner did not, however, until August 25, 1955, certify the record of proceedings and transmit the same to the Clerk of the United States District Court for the Eastern District of Virginia. An appeal was filed on August 22, 1955, with the Commissioner, and forwarded by the Commissioner to the Clerk, where it was filed on August 29, 1955. It is the opinion of the Court that the appeal was filed within the time prescribed by Rule 4 of the Rules of Procedure for Trials before Commissioners, 18 U.S.C.A. An intervening Sunday indicates that the appeal was perfected on the last day under Rule 45(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The defendants contend:

"1. That the Commissioner was without jurisdiction to try the defendants;

"2. That the Commissioner was without jurisdiction of the crime alleged;

"3. That certain of said defendants were not advised of their right to be proceeded against as juvenile delinquents;

"4. That because of the failure of the Commissioner to explain the consequences of such action, the defendants did not give knowledgeable consent to be tried by the Commissioner;

"5. That the Commissioner failed to prepare and certify to the Clerk certain information required under Rule 3(5) to be entered in the Commissioner's docket stating "the names of the witnesses for the United States and for the defendant and a condensed summary of the testimony of each, and of any documentary evidence received";

"6. That defendants were not advised of their right to consult counsel before making any statement to the Commissioner."

In essence, the defendants contend that the proceedings before the Commissioner were void.

Three of the defendants, Paul L. Jones, James Lee Jones, and Emuel Talmedge Brickhouse, were juveniles at the time of the commission of the alleged crimes. The defendant, Drake, had attained or was over the age of 18 years.

■ As only errors of law apparent from the record as certified by the Commissioner may be considered by the Court, it is sufficient to dispose of the fourth and sixth contentions advanced by defendants. The Commissioner, an able attorney with 38 years of experience in his position, reveals on the record that defendants were advised of their right to consult counsel and their consent to be

tried is evidenced by their signatures to the form duly signed and witnessed. Whether this is "knowledgeable consent" as to the juveniles will be hereafter discussed. To permit a further examination on these grounds would render the Commissioner's action a nullity in the vast majority of cases.

■ Form AC–100 entitled "Record of Proceedings in Criminal Cases" apparently contemplates compliance with Rule 3 as aforesaid. However, this is not a fatal defect as the Commissioner's docket is available to the Court and, as the information is not revealed therein, the matter can be re-referred to the successor Commissioner with instructions to grant a new hearing.

■ Nor is there merit to the argument that the Commissioner was without jurisdiction of the crimes alleged. The Commissioner complied with 18 U.S.C.A. § 3401, providing for the trial of petty offenses. As to the defendant, Drake, the Commissioner was undoubtedly vested with jurisdiction to hear and determine his case, but, in view of the apparent failure to comply with Rule 3(5), his case will be remanded to the Commissioner for further hearing with directions to comply with said Rule.

The importance of this proceeding involves the rights, if any, of the juveniles. In 1948 Congress saw fit to permit juveniles to be proceeded against as juvenile delinquents under certain conditions. Title 18 U.S.C.A. § 5032, reads as follows:

> "A juvenile alleged to have committed one or more acts in violation of a law of the United States not punishable by death or life imprisonment, and not surrendered to the authorities of a state, *shall be proceeded against as a juvenile delinquent if he consents to such procedure,* unless the Attorney General, in his discretion, has expressly directed otherwise.

> "In such event the juvenile shall be proceeded against by information

and no criminal prosecution shall be instituted for the alleged violation."

The next succeeding section, 5033, confers jurisdiction in the District Courts as to all proceedings against "juvenile delinquents." Obviously, in enacting this legislation, Congress did not specifically consider the right of a United States Commissioner to hear and determine petty offenses. It is equally clear, however, that Congress intended to grant a right to juveniles which did not heretofore exist. Former § 922 (former Title 18 U.S.C.A. § 922), upon which the present § 5032 is grounded, provided:

> " * * * he shall be prosecuted as a juvenile delinquent if the Attorney General in his discretion so directs and the accused consents to such procedure."

The purpose of the chapter dealing with proceedings against juveniles as juvenile delinquents is well stated in United States v. Fotto, D.C., 103 F.Supp. 430, and United States v. Webb, D.C., 112 F.Supp. 950, 951, to be:

> " * * * to spare youths from having to bear the stigma of a criminal for the rest of their lives because of a violation of the law and to encourage such youths, by proper supervision and changed environment, to become law-abiding citizens; this chapter was enacted with the realization that persons under the age of eighteen do not have mature judgment and may not fully realize the nature or consequences of their acts."

It follows that Congress, intentionally or otherwise, has granted rights to juveniles which did not exist prior to 1948. The pertinent question is whether Congress has limited the jurisdiction of a United States Commissioner to that of a preliminary examination in all cases involving youths *under* the age of 18 at the time of the commission of the offense, unless the Attorney General, in his discretion, expressly directs the Commissioner to proceed against the ju-

venile for the alleged substantive violation. Of course, the juvenile may prevent a trial by the Commissioner through the medium of declining to sign the consent form as provided in 18 U.S.C.A. § 3401.

To hold that the jurisdiction of a Commissioner is limited as hereinabove noted in cases involving juveniles would result in many petty offenses being brought before the District Courts, some of which may involve moral turpitude and others to the contrary. A judgment of delinquency under the Juvenile Act results only in the fixing of a status rather than the conviction of a specific crime, either misdemeanor or felony. Congress certainly intended that, in petty offenses, juveniles and adults should be treated alike, subject to the right of the juvenile to be charged as a juvenile delinquent with respect to offenses involving moral turpitude. Whether Congress intended to confer this same right upon juveniles in offenses which are, for the most part, violations of police regulations is debatable, but it is believed that the purpose of the Juvenile Act was merely to remove the stigma of a criminal record on youths under the age of eighteen years and, as to offenses not involving moral turpitude, it does not seem reasonable to assume that juveniles should be given the right to be proceeded against as a juvenile delinquent.

The disposition of a juvenile's case before a Commissioner should be encouraged. While Congress could clarify the existing ambiguity by amending 18 U.S.C.A. § 3401 specifically providing for the right to proceed against juveniles as juvenile delinquents, particularly as to petty offenses involving moral turpitude, it is apparent to this Court that Congress has endeavored to protect the juvenile from a criminal record which he will carry throughout his life. It is clear that it is for the best interest of the juvenile to permit the Commissioner to adopt the practice of permitting juveniles to be proceeded against as juvenile delinquents, all of which must be with the consent of the juvenile and under the assumption that the Attorney General has not directed otherwise.

■ For the purpose of consideration of the Federal Juvenile Delinquency Act, the age at the date of the commission of the alleged offense is the determinative age. United States v. Fotto, supra. If the accused was under the age of 18 years at the time of the commission of the offense which forms the basis of the charge of juvenile delinquency, subject to the exceptions and conditions specified in 18 U.S.C.A. § 5032, the accused is entitled to be proceeded against as a juvenile delinquent irrespective of the age of the accused at the time of any hearing or trial.

■ The action against Drake (No. 9402) is reversed and remanded to the Commissioner with instructions to grant a new hearing should the Government be so advised to continue prosecution. The actions against the juveniles named herein are reversed and remanded with directions to the Commissioner to mark his predecessor's docket accordingly; all of which is without prejudice to the right of the United States to proceed anew if the Attorney General directs that these defendants be charged with the specific crime, or to proceed against the juveniles as juvenile delinquents, at the election of the United States and with the consent of the juveniles. The proceedings thus far conducted against the juveniles are void as the Commissioner failed to explain to these defendants their respective rights to be proceeded against under the Juvenile Delinquency Act. Upon remand of these proceedings, the Commissioner is instructed to comply with Rule 3(5) of the Rules of Procedure for Trials before Commissioners, 18 U.S.C.A., setting forth the names of witnesses for the United States and for the defendant, as well as a condensed summary of the testimony of each, and of the documentary evidence received.