**Jural BORDERS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17043.**

United States Court of Appeals Fifth Circuit.

June 13, 1958.

R. Macey Taylor, Birmingham, Ala., for appellant.

W. L. Longshore, U. S. Atty., William G. West, Jr., Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from an order of the court entered in a proceeding under the Juvenile Delinquency Act, 18 U.S.C.A. § 5031 et seq.

The appellant, a juvenile, twelve years old when the offense occurred and thirteen when he was tried and committed, was charged with willfully derailing and wrecking an interstate freight train of the Southern Railway Company by breaking a switch lock and leaving the switch in a split position. Consenting to be proceeded against under the Federal Youth Delinquency Act and tried and found guilty by the district judge, he was committed under the Act to the reform school until he was twenty-one years of age.

Strongly represented by counsel appointed by the court, he is here vigorously insisting: that the evidence is insufficient to support the conviction; that it consists only of the confession of the defendant, which is not shown to be voluntary; and that it is not supported by proof of the corpus delicti. He particularly insists as a ground for reversal that the criminal capacity of the defendant was not established; that, in short, it was not proved that he possessed the maturity of judgment and capacity to fully comprehend the nature and consequences of his offense, and, therefore, was incapable of committing it.

The government, pointing out that under the statute this is not a criminal proceeding, urges upon us: that it is clear upon the record that the district judge made adequate provision for looking after and protecting the substantial interests of the defendant under the statute; that the defendant's confession was shown to be completely voluntary; and that there was ample evidence to establish his guilt. Declaring:

"A proceeding against a juvenile under the Federal Juvenile Delinquency Act is not a criminal proceeding in which the government must show criminal capacity as if said juvenile had been proceeded against as an adult criminal."

the Government's brief cites in support Judge Grooms' opinion in this case, United States v. Borders, D.C., 154 F.Supp. 214, and United States v. Jones, D.C., 141 F.Supp. 641, and 31 Am.Jur., (1940 Ed.) "Juvenile Courts and Offenders", Sec. 17, p. 792 [31 Am.Jur. (1958 Ed.) "Juvenile Courts, etc." Sec. 39, p. 317].

We agree with these views, and, for the reasons stated and upon the authorities cited in the opinion of the district judge, his order is affirmed.