**UNITED STATES of America,**
**Plaintiff,**

v.

**Milton Alfred KINSMAN, James Benton Moore, Paul Norman Privett and Howard Edward Williams, Defendants.**

**Crim. No. 29697.**

United States District Court
S. D. California,
Central Division.

June 6, 1961.

cape from the Federal Correctional Institution at Lompoc, California.

Two of the defendants, James Benton Moore and Paul Norman Privett, filed a motion for dismissal of the indictment as to them. The ground for defendants' motion is that 18 U.S.C.A. § 751 is not applicable to them as a matter of law because at the time of their alleged escape from the Federal Correctional Institution at Lompoc, Moore was committed under the Youth Corrections Act and Privett was committed under the Juvenile Delinquency Act.

Count Two of the indictment relates to defendant James Moore, and charges that at the time of his alleged escape from the Federal Correctional Institution at Lompoc, he was confined by direction of the Attorney General following his conviction in the United States District Court for the District of Idaho, Eastern Division, of a violation of 18 U.S.C.A. § 2312 (transportation of stolen vehicles).

Count Three of the indictment relates to defendant Paul Privett, and charges that at the time of his alleged escape from the Federal Correctional Institution at Lompoc, he was confined by direction of the Attorney General following his conviction in the United States District Court for the District of Wyoming, of a violation of 18 U.S.C.A. § 5031 (defining "juvenile delinquency" as "the violation of a law of the United States committed by a juvenile and not punishable by death or life imprisonment.")

In support of their motion, defendants rely solely upon United States v. Sprouse, D.C.N.D.Fla.1956, 145 F.Supp. 292, in which the District Court held that the Escape Act is not applicable to a person committed to a federal institution under the Juvenile Delinquency Act. The court's reasoning appears as follows at pages 293 and 294:

"The Court has carefully reviewed the provisions of the Escape Act, the

Eller & Winton, Beverly Hills, Cal., for defendants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Richard A. Murphy, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff.

BYRNE, District Judge.

An indictment was filed, charging each of the defendants with violation of 18 U.S.C.A. § 751 in that, on March 16, 1961, they escaped and attempted to es-

provisions of the Youth Correction Act, 18 U.S.C. § 5010(b), and the provisions of the Juvenile Delinquency Act, particularly 18 U.S.C. §§ 5031, 5032 and 5033, and is forced to the conclusion that the Escape Act is not applicable to a person committed to a federal institution under the Juvenile Delinquency Act. The Escape Act is only applicable to persons *convicted of an offense* and serving time by reason of such conviction. Under the Juvenile Delinquency Act a person entitled to be proceeded against under said Act is not charged with or convicted of an offense, but is proceeded against as a juvenile delinquent for the violation of some 'law of the United States.' The conviction is not a crime as defined in 18 U.S.C. § 1, and the juvenile, after conviction, does not bear the stigma of a criminal or lose any of his civil rights. Title 18 U.S.C. § 751, therefore is not applicable to persons serving juvenile delinquency sentences."

It is true that a proceeding under the Juvenile Delinquency Act results in the adjudication of a status rather than the conviction of a crime, United States v. Borders, D.C.N.D.Ala.1957, 154 F.Supp. 214, affirmed 5 Cir., 1958, 256 F.2d 458, and that the purpose of the Act is to spare youths from having to bear the stigma of a criminal for the rest of their lives because of a violation of the

law. United States v. Fotto, D.C.S.D. N.Y.1952, 103 F.Supp. 430. However, I must respectfully disagree with the Sprouse court's conclusion that the Escape Act (18 U.S.C.A. § 751) [1] "is only applicable to persons *convicted of an offense* and serving time by reason of such conviction." [145 F.2d 294.]

The plain wording of this statute reveals that it is applicable to any person who escapes or attempts to escape from any institution in which he is confined by direction of the Attorney General. This includes a juvenile delinquent who has been committed by the court to the custody of the Attorney General, and by the direction of the Attorney General confined in the institution from which he escapes or attempts to escape.

Although § 751 is applicable to a juvenile delinquent, this particular indictment is insufficient as it relates to the defendant Privett. The indictment charges Privett with "a violation of Title 18, Section 5031, United States Code, a felony, * * *" Not only is § 5031 not a felony, but it does not define a crime of any kind. There can be no such thing as a violation of § 5031, which merely defines a "juvenile" and "juvenile delinquency".[2]

If Privett has been found to be a juvenile delinquent by the United States District Court for the District of Wyoming and committed to the custody of

---

1. "§ 751. Prisoners in custody of institution or officer

"Whoever escapes or attempts to escape *from* the custody of the Attorney General or his authorized representative, or from any institution in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned

not more than five years, or both; or if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both."

2. Title 18 U.S.C.A.

"§ 5031. Definitions.

"For the purposes of this chapter a 'juvenile' is a person who has not attained his eighteenth birthday, and 'juvenile delinquency' is the violation of a law of the United States committed by a juvenile and not punishable by death or life imprisonment."

the Attorney General who directed his confinement in the Federal Correctional Institution, Lompoc, California, he did not suffer a conviction of any offense, but his confinement was either (1) " * * * by virtue of an arrest on a charge of felony, or (2) * * * by virtue of an arrest or charge of or for a misdemeanor * * * " (18 U.S.C.A. § 751). In the event of a conviction of § 751, the maximum penalty ($5000 and 5 years or $1000 and one year) would depend upon whether the finding of juvenile delinquency and the resulting confinement was by virtue of (1) or (2) above. Obviously this must be included in the charge in the indictment.

The defendant Moore's motion to dismiss count two is denied. The defendant Privett's motion to dismiss count three is granted.