**UNITED STATES of America,**

v.

**Sylvester FLOWERS and Charlie McClendon.**

**Cr. No. 9575.**

United States District Court
W. D. Tennessee, W. D.

Oct. 10, 1963.

Thomas L. Robinson, U. S. Atty., Memphis, Tenn., for the Government.

W. Rowlett Scott, Memphis, Tenn., for defendants.

BOYD, Chief Judge.

The two defendants herein were proceeded against as juvenile delinquents under the Juvenile Delinquency Act, Title 18 U.S.C. § 5031, on their pleas of guilty to an information charging a violation of the Dyer Act, Title 18 U.S.C. § 2312. The defendants were represented by court-appointed counsel. They consented to procedure under the Juvenile Delinquency Act with the consent of the District Attorney.

On September 20, 1963, sentences of three years for each defendant were imposed by this court. The defendants were committed to the custody of the Attorney General for such periods with a training school recommendation. At the time of sentencing the defendants were both seventeen years of age.

Now before the court is a motion on behalf of the defendants to correct their sentences under Rule 35, Federal Rules of Criminal Procedure. It is the contention of the defendants that sentences extending beyond their eighteenth birthdays are unauthorized by the Juvenile Delinquency Act. The section of the Act most immediately in question is Section 5034, which reads in part as follows:

"If the court finds a juvenile to be a delinquent, it may place him on probation for a period not exceeding his minority, or commit him to the custody of the Attorney General for a like period.  *  *  * "

The meaning of the word "minority" in this section is thus in question and a problem of statutory construction is presented. It is the position of the movants that the Juvenile Delinquency Act does not permit looking elsewhere than to its definitional section for the meaning of the term, "minority". The defendants thus wish to have the court equate the word, "minority", with the definition of the term, "juvenile", in Section 5031, which reads in part as follows:

"§ 5031. *Definitions*

"For the purposes of this chapter a "juvenile" is a person who has not attained his eighteenth birthday,  *  *  * ."

An elementary rule of statutory construction is that the law uses familiar legal expressions in their familiar legal sense. Henry v. United States, 251 U.S. 393 at 395, 40 S.Ct. 185,

64 L.Ed. 322 (1920). At common law the age at which an infant, whether male or female, reaches full majority is fixed at 21 years. 43 C.J.S. Infants § 2, Age of Majority, page 49. And this rule has generally remained in force throughout the United States, 27 Am.Jur., Infants, Section 5, page 748. Bouvier's Law Dictionary, Third Revision, Volume II, 1914, defines "minor" as "one not a major, i. e. not twenty-one." Black's Law Dictionary, Ninth Edition, 1951, defines "minor" as "an infant or person who is under the age of legal compliance. One under twenty-one."

■ Congress did not undertake definition of the term, "minority", although it did define for purposes of the Juvenile Delinquency Act the term, "juvenile". We must take the word, "minority" as referring to the condition of being under 21 years of age.

While the familiar use of the word, "minority", points to the age of 21 years as that contemplated by Congress, there is yet another aspect of the matter which urges strongly for reading "minority" as "under 21" rather than "under 18". Procedure under the Juvenile Delinquency Act is available to defendants classifiable as juveniles if they consent and "unless the Attorney General, in his discretion, has expressly directed otherwise", Section 5032. The stand of the defendants encounters difficulty when the Attorney General's discretion in these matters is considered. If "minority" under the statute were construed as terminating at age eighteen, it is not only highly probable, but most likely that the Attorney General would often direct that procedure other than that provided under the Act be utilized. The reason would be purely and simply that the rehabilitative period necessary for the juvenile involved would not be available. The period available until the attainment of the age of eighteen would be of insufficient duration for rehabilitative measures to be effective. Such would no doubt be the case with countless juveniles eligible for the procedure under the Act. The de-fendants have foreseen this consideration in their brief for this motion. They nevertheless contend that the Federal Youth Corrections Act, 18 U.S.C. § 5005 et seq., is always available for sentencing defendants under 22 years of age. This Act is further available in the discretion of the court to defendants who have not attained their 26th birthday. 18 U.S.C. § 4209.) Since rehabilitation rather than retributive punishment is the goal of the Youth Corrections Act, it is, reason the defendants, a handy and available alternative should the Attorney General direct against Juvenile Delinquency Act procedure. This reasoning is not sound.

The Youth Corrections Act presupposes a criminal conviction by "judgment on a verdict or finding of guilty * * * or a plea of nolo contendere". Section 5006. The emphasis in the Youth Corrections Act is upon rehabilitation and not upon the nature of the proceedings. Convictions under the Youth Corrections Act result from criminal proceedings. This is not the case, and significantly so, with the Juvenile Delinquency Act. Proceedings under the Juvenile Delinquency Act are directed merely toward a determination of status and are not criminal proceedings. Borders v. United States, 256 F.2d 458 (C.A.5) 1958, affirming United States v. Borders, D.C.Ala., 154 F.Supp. 214. The fact that conviction under the Juvenile Delinquency Act is not conviction of a crime is generally credited with sparing the stigma normally attaching to criminal conviction. United States v. Sprouse, U.S.D.C.N.D. Fla.1956, 145 F.Supp. 292; United States v. Webb, W.D.Okl.1953, 112 F.Supp. 950; United States v. Fotto, D.C.N.Y.1942, 103 F.Supp. 430. That this is desirable and purposed by the Act is evidenced by the recent statement of the Court of Appeals for the Eighth Circuit in Fagerstrom v. United States, 311 F.2d 717, at p. 720 (1963) which reads:

"The very purpose of the Act is to avoid the prosecution of juveniles as criminals."

The District Court's opinion in United States v. Borders, supra, 154 F.Supp. at page 215, calls attention to Attorney General Cummings' explanation of the proposed juvenile delinquency legislation to the House and Senate Judiciary Committees. An interesting and relevant portion of said explanation reads as follows:

" ' * * * It is likewise advisable that a juvenile delinquent for whom there is some hope of rehabilitation should not receive the stigma of a criminal record that would attach to him throughout his life. * * *

" ' * * * Informal procedure of this kind has been found in many of the States conducive to attaining the humane and beneficent objects of such legislation. * * *' "

(Cited by the court as appearing in 75th Congress House Report No. 2618 and Senate Report No. 1989.)

█ It is thus to be seen that the Youth Corrections Act cannot be considered as a reasonable alternative to procedure under the Juvenile Delinquency Act. Only part of the purposes of the two Acts is mutual—rehabilitation following conviction. A most important attribute of the Juvenile Delinquency Act, non-criminal procedure, would be denied numerous juvenile offenders if the Act were handicapped as here urged by the defendants. This important attribute and purpose of the Act must not be defeated by causing the Attorney General to go outside the beneficent workings of the legislation for lack of rehabilitative time following the adjudication. That a conviction under the Youth Corrections Act may be set aside (Title 18 U.S.C. § 5021) does not bridge the vital gap between these two acts.

The point in question herein has been interestingly and challengingly, though erroneously, taken and court-appointed counsel is to be commended for his zeal and ingenuity toward protection of the interests of the defendants. The motion to correct the sentences herein is denied.