**UNITED STATES of America**
**v.**
**Larry Theodore MINOR.**

**UNITED STATES of America**
**v.**
**Thomas Eugene PRATER.**
**UNITED STATES of America**
**v.**
**Zachery ROBINSON.**
**Crim. Nos. 17907–17909.**

United States District Court,
E. D. Tennessee, N. D.
Aug. 4, 1971.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

Frederick McDonald, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

On June 21, 1971 sentence under the Federal Juvenile Delinquency Act, 18 U. S.C. § 5031 et seq. was imposed on these three defendants. Minor and Prater were committed until they become twenty-one years of age. Robinson was committed for five years.

Counsel appointed for defendants has moved that sentence be corrected under F.R.Cr.P. 35. He points out that 18 U. S.C. § 5034 authorizes the Court to com-

mit a juvenile found delinquent only "for a period not exceeding his minority." He contends that these delinquents end their minority at age eighteen.

As authority for this proposition he relies upon "The Legal Responsibility Act of 1971", C. 162 Tenn.Pub.Acts, effective May 11, 1971. The Act substitutes eighteen for twenty-one in certain enumerated parts of Tennessee Code Annotated, thereby removing certain legal disabilities from individuals eighteen but not twenty-one. The Third Section of the Act provides:

3. Notwithstanding any laws to the contrary, any person who is eighteen (18) years of age or older shall have the same rights, duties and responsibilities as a person who is twenty-one (21) years of age or older.

In the opinion of the Court counsel's ingenious argument is not meritorious. In the first place under the supremacy clause federal and not state law should determine this question. Cf. Perez v. Campbell, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233, 1971. Also, this Court is impressed with the reasoning in the opinion of Judge Marion Boyd in denying a Rule 35 motion under a related basis. United States v. Flowers, 227 F. Supp. 1014 (W.D.Tenn.1963). Furthermore, while the Court is not certain of the effect of Section 3 of "The Legal Responsibility Act of 1971" upon juvenile proceedings in Tennessee Courts, it appears that a delinquent child may be committed until he reaches twenty-one. TCA §§ 41–832, 37–231.

Since counsel filed his initial motion, the Court is advised that the Constitution of the United States has been amended to allow citizens eighteen years of age to vote. After examining the language of the amendment, the Court holds that it is not applicable to these proceedings.

It is therefore ordered that the motion be, and same hereby is, denied.