UNITED STATES of America, Plaintiff-Appellee,

v.

Larry Theodore MINOR, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas Eugene PRATER, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

Zachery ROBINSON, Defendant-Appellant.

Nos. 71–1765 to 71–1767.

United States Court of Appeals, Sixth Circuit.

Feb. 28, 1972.

Frederick D. McDonald, Knoxville, Tenn. (Court appointed), for defendants-appellants.

Carl P. McDonald, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellee; John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, III, Asst. U. S. Atty., Knoxville, Tenn., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and KEITH, District Judge*.

PER CURIAM.

The three defendant-appellants were tried in the District Court for the Eastern District of Tennessee on an information charging each with the violation of the Federal Juvenile Delinquency Act, 18 U.S.C. § 5031 et seq., and found guilty. The Court sentenced the appellants Minor and Prater to custody until age twenty-one, and the appellant Robinson to custody for a period not to exceed five years, 334 F.Supp. 4. Each appellant was sentenced to custody beyond his eighteenth birthday.

The appellants' contention on this appeal is that the Court may not sentence these appellants beyond the age of eighteen because recently passed Tennessee statutes have reduced the age of majority of citizens of Tennessee from twenty-one to eighteen. We are not in agreement with this contention. The statute under which the appellants were sentenced provides:

"If the court finds a juvenile to be a delinquent, it may place him on probation for a period not exceeding his minority, or commit him to the custody of the Attorney General for a like period." 18 U.S.C. § 5034.

At the time of the enactment of this statute, June 1948, Congress intended that it apply to persons under twenty-one years of age. United States v. Flowers, 227 F.Supp. 1014, 1016 (W.D. Tenn.1963), aff'd, 331 F.2d 604 (6th Cir. 1964). See also United States v. Hall, 306 F.Supp. 735, 737 (E.D.Tenn. 1969), Fish v. United States, 254 F. Supp. 906, 907 (D.C.Md.1966).

It is the prerogative of Congress to change this statute, and it is not within the power of the Tennessee Legislature. Even if the Tennessee Legal Responsibility Act of 1971, Chapter 123, Public Acts of 1971, should be construed as specifically intended to amend the Federal Juvenile Delinquency Act, under the supremacy clause of the Constitution, Article VI, Clause 2, which provides that any conflict between state and federal law shall be resolved in favor of federal law, such intention would be in vain. A state is powerless to legislate concerning the manner in which a federal criminal statute will be applied.

The judgment of the District Court is affirmed.