**George GARCIA–ZAMORA, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 74–2534.**

United States Court of Appeals, Ninth Circuit.

Sept. 25, 1975.

Joseph A. Milchen (argued), McInerney, Milchen & Frank, San Diego, Cal., for petitioner-appellant.

Douglas G. Hendricks, Asst. U. S. Atty. (argued), San Diego, Cal., for respondent-appellee.

OPINION

Before CHAMBERS and CARTER, Circuit Judges, and FITZGERALD,* District Judge.

PER CURIAM:

On October 10, 1972, George Garcia-Zamora, then 17 years of age, was adju-

* The Honorable James M. Fitzgerald, United States District Judge, District of Alaska, sitting by designation.

dicated to be a juvenile delinquent.[1] The District Court deferred imposition of sentence and placed Garcia-Zamora on probation during his minority. He was, however, on February 7, 1973, found guilty of burglary by a California state court. The state court deferred imposition of sentence and ordered probation. A short time later a federal probation officer filed a petition to terminate Garcia-Zamora's federal probation based on the California conviction. The probation violation was admitted and the District Court, relying on 18 U.S.C. § 5034, ordered Garcia-Zamora to be incarcerated until his 21st birthday.

■■ At the time the District Court ordered appellant's incarceration, § 5034 read in relative part:

If the court finds a juvenile to be a delinquent, it may place him on probation for a period not exceeding his minority, or commit him to the custody of the Attorney General for a like period. 18 U.S.C. § 5034, 62 Stat. 858 (1962), *as amended* 18 U.S.C. § 5037 (Supp.1975).

"Minority" was not defined in the Act. We are asked by Garcia-Zamora in this appeal to equate the term "minority" with the meaning of "juvenile," defined by the Act to be a person who has not attained his 18th birthday.[2] In that event the disposition made by the District Court, ordering Garcia-Zamora incarcerated until his 21st birthday, would be both excessive and erroneous.

While "minority" was not defined in the Act, courts have interpreted that word to mean the condition of being under 21 years of age. *United States v. Flowers,* 227 F.Supp. 1014 (W.D.Tenn. 1963), *aff'd* 331 F.2d 604 (6th Cir. 1964).[3] The *Flowers* case rests on the concept that the purpose of Congress in enacting the Juvenile Delinquency Act was to focus attention toward rehabilitation and treatment in lieu of criminal prosecution. It could hardly be supposed that Congress would by the same statute impair its rehabilitative functions by limiting application of the rehabilitative features to juveniles under the age of 18.[4]

Appellant suggests, however, that enactments reducing the voting age [5] or the age of competency to contract and other similar legislation undercut the rationale of *Flowers.* In other words, ap-

1. Pursuant to the provisions of the Juvenile Delinquency Act, hereinafter "Act", 18 U.S. C.A. § 5031 *et seq.*

2. Since this appeal was taken, Congress has amended the Juvenile Delinquency Act so as to eliminate any question as to the meaning of "minority." The September 7, 1974 amendments to the Act, Pub.L. 93–415, Title V, § 513, 88 Stat. 1138, delete the term "minority" and specify age twenty-one as the cutoff date for disposition purposes. The relevant provisions of the Act as amended now read:
§ 5031. *Definitions*
For purposes of this chapter, a "juvenile" is a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday, . . . . 18 U.S.C.A. § 5031 (Supp.1975), *amending* 18 U.S.C. § 5031 (1970).
§ 5037. *Disposition hearing*

(b) The court may suspend the adjudication of delinquency or the disposition of the delinquent on such conditions as it deems proper, place him on probation, or commit him to the custody of the Attorney General. Probation, commitment, or commitment in accordance with subsection (c) shall not extend beyond the juvenile's twenty-first birthday or the maximum term which could have been imposed on an adult convicted of the same offense, whichever is sooner, unless the juvenile has attained his nineteenth birthday at the time of disposition, in which case probation, commitment, or commitment in accordance with subsection (c) shall not exceed the lesser of two years or the maximum term which could have been imposed on an adult convicted of the same offense. 18 U.S.C.A. § 5037 (Supp.1975), *amending* 18 U.S.C. § 5034 (1970).

3. Other cases: *U. S. v. Shaver,* 506 F.2d 699 (4th Cir. 1974); *U. S. v. Dean,* 506 F.2d 701 (4th Cir. 1974); *U. S. v. Minor,* 455 F.2d 937 (6th Cir. 1972).

4. Garcia-Zamora was placed on probation by the District Court on October 10, 1972. He reached his 18th birthday on December 18, 1972. Under appellant's theory, all supervision would have terminated approximately two months after probation was ordered.

5. 42 U.S.C. § 1973bb–1.

pellant contends that the earlier interpretation given by the courts as to what Congress intended must now be rejected in the light of subsequent change. It is unnecessary for us to explore the full consequences of this contention since we find appellant's reasoning unpersuasive. The underlying principles applied by the courts in the earlier cases interpreting the term "minority" in the Juvenile Delinquency Act were valid and unchanged when disposition was made in this case.

Affirmed.