**William Henry PAIGE, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25084.**

United States Court of Appeals Fifth Circuit.

May 1, 1968.

---

* Hon. Warren J. Ferguson, United States District Judge, Los Angeles, California, sitting by designation.

The car was removed from a parking lot in Pensacola, Florida. A service station operator testified that appellant "looked like" a person who on the same day brought the car to his station for a tire repair, but that he was not positive appellant was the person. The witness did not repair tires so suggested another station.

A witness from a second station was even more uncertain. He could not say that appellant was the person who left the car at his station for a tire repair about the same time of the same day. He could say only that the appellant "could be" the person, and was about the same build. The car was left at the station and the tire repaired. It was still parked there when the station was closed and was gone when the station opened the following morning, and there was no evidence of who drove it away.

The following day the appellant was arrested by a police officer at a service station in Brewton, Escambia County, Alabama, which is not far north of the Alabama-Florida line. The officer testified the appellant "had with him" the stolen car. To the subsequent specific inquiry of the court as to where the defendant was in relation to the car the answer was, "He was standing beside the car."

■ That is the sum total of the evidence that appellant unlawfully, knowingly and wilfully transported a stolen automobile in interstate commerce. Appellant did not testify. The evidence is not sufficient to support the conviction.

The trial judge considered that knowing and wilful interstate transportation by the appellant was proved by his being in unexplained possession in another state of recently stolen property. But there was no proof of possession by appellant of stolen property in Alabama. He was not shown to be in the car, to have the keys to it, or to be asserting dominion over it in any manner, nor were his fingerprints shown to be found in it. In Allison v. United States, 348

---

Hardy B. Smith, Mobile, Ala., for appellant.

Don Conway, Asst. U. S. Atty., Mobile, Ala., Vernol R. Jansen, Jr., U. S. Atty., for appellee.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

GODBOLD, Circuit Judge:

This appeal is from an adjudication of juvenile delinquency under the Federal Juvenile Delinquency Act, 18 U.S.C.A. §§ 5031–5037. Appellant was found to have unlawfully, knowingly and wilfully transported in interstate commerce a stolen motor vehicle in violation of the Dyer Act, 18 U.S.C.A. § 2312.

F.2d 152 (10th Cir. 1965), the proof of possession was that defendant was seen sitting in the right-hand front seat—not the driver's seat—while the car was standing still, and his fingerprint was found on the wing window of the right front door. This was held insufficient as creating only a suspicion of possession from which neither of the inferences of required knowledge and interstate transportation could be drawn. Camilla v. United States, 207 F.2d 339 (6th Cir. 1953), held fingerprints alone insufficient. The driving of a car by one temporarily in it as a hitchhiker is not enough. Barfield v. United States, 229 F.2d 936, 941 (5th Cir. 1956) (Brown, J., concurring). Cases of possession of liquor or of stolen merchandise are to the same effect. Williams v. United States, 361 F.2d 280 (5th Cir. 1966); Vick v. United States, 216 F.2d 228 (5th Cir. 1954); Pearson v. United States, 192 F.2d 681 (6th Cir. 1951); United States v. Hodorowicz, 105 F.2d 218 (7th Cir. 1939).

Pretermitting the vague and uncertain character of the Pensacola identifications, an inference of interstate transportation by appellant can not be reached by a chain commencing with localized possession in Florida not shown by appellant to be interrupted, thence to an inference that the possession continued, this in turn giving rise to an inference of possession in Alabama, leading to a final inference of interstate transportation by the defendant.[1]

The appellant has raised whether In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), requires in a proceeding under the Federal Juvenile Delinquency Act proof of guilt beyond a reasonable doubt, altering the prior rule of United States v. Borders, 154 F.Supp. 214 (N.D.Ala. 1957), aff'd, 256 F.2d 458 (5th Cir. 1958). See In re Urbasek, 38 Ill.2d 535, 232 N.E.2d 716 (1967); In re Whittington, 13 Ohio App. 2d 11, 233 N.E.2d 333 (1967), cert. granted, 389 U.S. 819, 88 S.Ct. 112, 19 L.Ed.2d 69 (U.S. Oct. 9, 1967) (No. 701); cf. Nieves v. United States, 280 F.Supp. 994 (S.D.N.Y. Mar. 5, 1968). Our conclusion is that the proof in the case before us does not suffice under either civil or criminal standards. There is no proper basis for inferring interstate transportation by appellant, and only minimal basis (the Pensacola identifications) for inferring guilty knowledge.

■ The appeal before us is from a second trial. Appellant was first tried and convicted in September, 1966 but the court granted a new trial. He was re-tried in July, 1967, and after conviction committed on July 13, 1967 to custody of the Attorney General "for imprisonment for a period not to exceed his minority, and to be given credit for the fourteen (14) weeks already spent in jail." He was delivered to a Federal Youth Correctional Institution on September 11, 1967. Thus appellant has served a total of more than 45 weeks. He is approximately nineteen years of age. We construe the sentence as evidencing the trial court's intent that appellant not be in custody later than age 21 less 14 weeks. In the interest of justice this appellant should not be tried a third time.

The conviction is vacated, the case is reversed and the appellant shall be discharged.

---

1. Barfield v. United States, supra, refers to driving in the state of origin as sufficient, but only when requisite knowledge and guilty purpose have been shown; in that case an interstate journey with defendant in the car was proved by other evidence to have occurred and the defendant was shown to have been driving at or near the state line while the interstate journey was in progress.