**Robert Merton MUTTER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25100.**

United States Court of Appeals
Fifth Circuit.

Aug. 13, 1968.

Rehearing En Banc Denied Oct. 14, 1968.

Edward J. Vulevich, Jr., Mobile, Ala., for appellant.

Don Conway, Asst. U. S. Atty., Mobile, Ala., for appellee.

Before JOHN R. BROWN, Chief Judge, DYER, Circuit Judge, and GARZA, District Judge.

GARZA, District Judge:

Robert Merton Mutter appeals from his conviction by a jury of transporting a stolen 1966 Mustang in interstate commerce from Mobile, Alabama, to Escambia County, Florida, to Atmore in Escambia County within the Southern Division of the Southern District of Alabama, when he knew the same to have been stolen.

Appellant cites several claimed errors on the part of the court below; however, he argues only that the evidence was insufficient to sustain his conviction and that the trial court erred in not granting his motion for acquittal made at the conclusion of all the evidence.

The Appellant here and one O. B. Whitehead were jointly charged in three counts of the indictment with Dyer Act violations, with O. B. Whitehead having been charged singly in count four with the same type of violation. They both entered pleas of not guilty, and a motion for severance was denied and a jury selected to try them both at the same time. After the selection of the jury. Whitehead changed his not guilty plea to guilty. The court then granted a severance and the trial of Appellant Mutter continued.

The evidence presented showed clearly that on December 29, 1966, O. B. Whitehead and the Appellant here, Rob-

ert Merton Mutter, brought the 1966 Mustang and a 1967 Ford 4-door automobile mentioned in count three of the indictment, to the auction grounds at Atmore, Alabama, and that Whitehead sold the Mustang and the Ford to one Ray Fairchild.

The owner of the Mustang automobile testified that her car was stolen during the latter part of December, 1966, from where she had left it parked in front of the Mobile Infirmary; that she reported the same to the police. There was also evidence that the serial plate on the door post of the Mustang was loose and came off.

Mutter had been working for Whitehead who was an automobile dealer, and had been living in the same trailer park where Whitehead lived.

The Government presented a witness by the name of Billy Smith who was also living at the same trailer park, who testified that he saw the Appellant Mutter, together with O. B. Whitehead, in the trailer park during December, 1966; at about 12:30 one morning he saw the Appellant drive a Ford 2-door automobile, white with black top, into the trailer park and go inside the trailer park with O. B. Whitehead; that Mutter and Whitehead then came back outside, and that Mutter lifted the hood of the Ford and started it from underneath; that he later saw Mutter and Whitehead take the tag off a Chevelle and put it on the Ford; that he saw Mutter change the plate on the inside of the door, that had the serial numbers on it; that he took that off and put another one on it; and that after a couple of days this particular automobile disappeared. Smith also testified that he later saw the 1966 Mustang and a Ford at the trailer park, near Whitehead's trailer.

The Government called O. B. Whitehead, the co-defendant, to the stand as its witness. Whitehead testified that he was the one that stole the Mustang and the Ford which he sold at the auction lot on December 29th; that he was the one that changed the serial plates on the door post, and that Mutter did not know

that the cars had been stolen, and that he did not tell him because he figured it was none of his business; and that Mutter drove one of the two cars in question at his request.

Appellant cites to us the case of United States v. Vazquez, 319 F.2d 381 (CA 3, 1963), and urges that the Government is bound by Whitehead's testimony that Appellant Mutter did not know the 1966 Mustang had been stolen.

This might be good authority if the evidence of Billy Smith above quoted was not in the record. Whitehead testified that Appellant Mutter had never changed a serial number on a car at the trailer park, but this testimony was contradicted by the testimony of Billy Smith, and the jury could well conclude from Smith's testimony that Mutter knew that Whitehead was in the business of selling stolen automobiles.

The Appellant cites to us this Court's opinion in Barfield v. United States, 229 F.2d 936 (CA 5, 1956), and Allison v. United States, 348 F.2d 152 (CA 10, 1965).

These cases dealt with proof regarding possession, to bring into play the inference that one found in possession of a stolen motor vehicle had knowledge that the automobile was stolen.

We are also aware of the recent decision of this court in Paige v. United States, 5 Cir., May 1, 1968, 394 F.2d 105, where a juvenile had been convicted when he was arrested when he was standing beside a stolen car and his identification as being seen in the car was not clear; and this Court reversed the conviction because the evidence of possession was not such as would bring into play the inference of knowing that the car had been stolen.

The case before us, however, shows clearly that two stolen cars were transported by Whitehead and Mutter to an auction sale across State lines. The jury apparently chose to believe the testimony of Billy Smith, and his testimony showed clearly that Appellant Mutter knew that Whitehead was dealing in sto-

len cars. The Government, therefore, proved the knowledge of Appellant Mutter that the 1966 Mustang was stolen, not from being in possession of the same, but by proving that Appellant and Whitehead had been changing serial number plates on other cars.

While it is true that nowhere in the evidence is it shown that Mutter drove the Mustang to the sale, he did drive either the Mustang or the Ford charged in count three of the indictment. Count two of the indictment under which Mutter was convicted charged the transportation of this particular automobile in interstate commerce from Mobile, Alabama, to Escambia County, Florida, to Atmore in Escambia County, Alabama in the Southern Division of the Southern District of Alabama. The evidence showed that the trip to the auction sale started from Mobile Alabama, and, therefore, the jury was correct in feeling that this was the stolen car that Mutter and Whitehead, jointly, had transported in interstate commerce.

The Government having proven that the 1966 Mustang charged in count two of the indictment had been stolen, that it was transported in interstate commerce, together with another stolen automobile, by Appellant and Whitehead where they were sold, and that Appellant Mutter had knowledge by his own acts as described by the witness Smith that co-defendant Whitehead was in the business of selling stolen automobiles; presented sufficient evidence to convict the Appellant. See Scott v. United States, 255 F. 2d 18 (4 Cir.1958).

Viewing the evidence in the light most favorable to the Government, we cannot say that it was insufficient to allow the case to go to the jury or that the jury from the evidence could not find the Appellant guilty beyond a reasonable doubt. Stephens v. United States, 354 F.2d 999 (CA 5, 1965); Riggs v. United States, 280 F.2d 949 (CA 5, 1960); McFarland v. United States, 273 F.2d 417 (CA 5, 1960).

Affirmed.