## Commonwealth *v.* Davis, Appellant.

Argued December 12, 1969. Before WRIGHT, P. J., MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ. (WATKINS, J., absent).

F. *Lee Bailey*, with him *Alan Frank*, for appellant.

*Carol Mary Los*, Assistant District Attorney, with her *Robert W. Duggan*, District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, April 14, 1970:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

This is an appeal from a judgment of sentence of 2½ to 5 years on a charge of receiving four stolen dresses. Although many issues have been raised by appellant, I believe that the judgment should be reversed because the Commonwealth failed to prove that appellant was in control of the stolen goods.

The relevant facts in this regard may be set out as follows:

During the months of March and April, 1968, members of the Pittsburgh Police Department conducted an alleged daily surveillance of premises known as 7818 Bennett Street. 7818 Bennett Street is a three-story building designated by public records to be a duplex. The interior of the building was arranged to accommodate four families in private apartments. One family lived on the third floor, two families lived on the second floor and one family lived on the first floor. The basement area was shared by the tenants for recreational and laundry purposes and occasional dining. The tenants paid their rent to Patricia Kendall who resided on the first floor with her two children. When the basement area was locked, the keys to it were in Miss Kendall's possession. At some time prior to April 26, 1968, the police were informed that in the basement powder room there was a secret compartment which

contained narcotics. On that date they secured a search warrant for the purpose of seeking out any narcotics on the premises.

When the police entered the premises, Alonzo Davis, appellant herein, and Jay Turner were with Miss Kendall in her apartment. One of the officers proceeded immediately to the basement area where the narcotics were found. Appellant, Mr. Turner and Miss Kendall were arrested. Thereafter, the search continued. About ten or fifteen minutes after making the arrest, one of the officers demanded keys to a locked closet located elsewhere in the basement area. Miss Kendall had a brief conversation with appellant. The jury, however, was never informed as to what she allegedly said or what response may have been made to her. Thereupon, Miss Kendall took the keys from her bosom and gave them to the officer.

The closet contained various items of men's and women's clothing, bed linens, television sets, musical instruments and other items. Among the clothing hanging in the closet were four ladies' dresses which were the subject matter of this case.

Only Alonzo Davis was charged with receiving the ladies' dresses which were ultimately proved to have been stolen.

The Commonwealth has the burden of proving three distinct elements of the crime of receiving stolen goods. They are: (a) that the goods were stolen; (b) that the defendant received such goods; and (c) that he received them knowing, or having reasonable cause to know, that they were stolen.* *Commonwealth v. Leo,* 188 Pa. Superior Ct. 36, 145 A. 2d 925 (1958). If the accused does not have actual physical possession of the goods, he

---

\* Since I have concluded that the Commonwealth failed to establish that defendant ever received or controlled such goods, I do not reach the third requirement, i.e., that he have knowledge that the goods were stolen.

must have a measure of control over them. Cf. *Commonwealth v. Dravecz,* 207 Pa. Superior Ct. 483, 218 A. 2d 587 (1966), rev'd on other grounds, 424 Pa. 582, 227 A. 2d 904 (1967); *Montoya v. United States,* 402 F. 2d 847 (5th Cir. 1968); *Paige v. United States,* 394 F. 2d 105 (5th Cir. 1968); *McClain v. United States,* 224 F. 2d 522 (5th Cir. 1955).

Appellant admits that the Commonwealth established that the dresses were stolen. For its part, the Commonwealth admits that it did not establish that appellant was ever in physical possession of the goods. It argues, however, that appellant may nonetheless be convicted because there was evidence that he had a measure of control over them. In my opinion, there was not only an absence of such evidence indicating control, but also positive indications that the goods were under the control of Miss Kendall, who was never charged with this crime.

There was no testimony that Alonzo Davis lived in the apartment house. The officers only stated that he visited his girl friend, Miss Kendall, each day and that, during a two month surveillance, he stayed overnight a limited number of times.

Very little of appellant's clothing was found in the apartment. He was not the owner of the building nor were there any leases, utility and telephone bills, rent receipts or other indicia that he was other than a visitor with his girl friend.

In short, there was no evidence that appellant ever had any control of the basement area, its closets or the goods found therein. Indeed, the evidence points more directly to Miss Kendall having complete control since the women's dresses were her size and she possessed the key to the locked closet.

An instructive case in this regard is *Montoya v. United States,* supra. There, a defendant was accused of unlawful transportation of marijuana found in the

camper section of a truck-camper in which he was a passenger. The driver of the truck pleaded guilty but offered no testimony at defendant's trial. The Court of Appeals in reviewing the evidence stated: "Possession may be established by circumstantial evidence and such possession may be joint . . . . It is likewise true that proof of mere proximity to the drug is not sufficient to establish actual or constructive possession . . . . There is not the slightest evidence that he ever exercised any degree of possession, either constructive, actual or joint, over the contents of the camper . . . . No evidence shows that he knowingly participated in the transportation or concealment of the contraband involved. On the contrary, the evidence clearly shows that another was guilty of all the elements of the crime and he entered a plea of guilty." *Montoya v. United States,* supra at 850.

Similarly here, not only is there an absence of facts indicating any control exercised by appellant over the basement area, the locked closet and the stolen goods, but also there were positive indications that the basement area, the closet and the goods were under the control of Miss Kendall as evidenced by her possession of the keys both to the basement and the closet. Under these circumstances, while there is cause for suspicion or conjecture, I do not believe that the jury had sufficient evidence from which it might find, beyond a reasonable doubt, that appellant ever exercised the control necessary to sustain his conviction.

I would, therefore, reverse the judgment of sentence and discharge the defendant.

MONTGOMERY, J., joins in this dissenting opinion.