**UNITED STATES of America, Appellee,**

v.

**Sabino DE LEON, Appellant.**

**No. 84–2702.**

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1985.

Ted Campagnolo, Brownsville, Tex., for appellant.

Daniel K. Hedges, U.S. Atty., James R. Cough, Susan L. Yarbrough, Asst. U.S. Attys., Houston, Tex., for appellee.

Before GOLDBERG, JOLLY and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Sabino De Leon appeals his adjudication of juvenile delinquency under 18 U.S.C. § 5032, predicated on the district court's judgment that De Leon was guilty of conspiring to possess methaqualone with intent to distribute in violation of 21 U.S.C. § 846. De Leon's principal challenge is to the sufficiency of the evidence to support the adjudication of delinquency. Because a reasonable trier of fact could have concluded that the evidence established De Leon's guilt for the underlying offense beyond a reasonable doubt, we affirm.

I

In the summer of 1984, Sergeant Raul Perez of the Laredo, Texas police and Captain J.J. Perez of the Drug Enforcement Administration were conducting undercover negotiations with suspects Maria and Rafaela Lopez for the purchase of 100,000 methaqualone tablets. On September 5, 1984, Sabino De Leon came to the agents' hotel room in McAllen, Texas, told them that he was Rafaela Lopez's husband, and said that Rafaela Lopez and one Rosie Gonzales had sent him to tell them that the women were in the process of acquiring the

tablets and would be appearing shortly. Fifteen minutes later, De Leon made a phone call and reported to the "purchasers" that "the source" had arrived and that Rafaela Lopez and Rosie Gonzales would deliver the tablets soon. When Lopez and Gonzales appeared at the hotel, they said that they had been unable to locate their "source," but promised to provide the tablets shortly.

On September 19, De Leon told the agents over the telephone that he had something to show them. De Leon came to the agents' hotel room and gave the agents six pills, which he referred to as "downers." De Leon was then arrested. Laboratory tests proved the tablets to be methaqualone.

At a preliminary hearing, De Leon elected to be tried as a juvenile under the Federal Juvenile Delinquency Act, 18 U.S.C. §§ 5031 *et seq.* The government filed an Information of Juvenile Delinquency alleging that De Leon "did conspire to possess with intent to distribute a quantity of Methaqualone tablets, a Schedule I Controlled Substance in violation of Section 846, Title 21, United States Code." After a bench trial, De Leon was adjudged a juvenile delinquent and sentenced to the custody of the Attorney General until his twenty-first birthday.

## II

This court has not confronted the appropriate standard for review of the sufficiency of evidence to support an adjudication of juvenile delinquency under 18 U.S.C. § 5032 since *In re Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In three juvenile delinquency cases, we have reviewed the sufficiency of the evidence without explaining our standard of review. *United States v. Miller,* 483 F.2d 61 (5th Cir.1973), *cert. denied,* 414 U.S. 1159, 94 S.Ct. 919, 39 L.Ed.2d 112 (1974); *United States v. Owens,* 460 F.2d 467 (5th Cir.1972); *Paige v. United States,* 394 F.2d 105 (5th Cir.1968). *Gault* applied Fourteenth Amendment requirements of due process and fair treatment to juvenile proceedings; *Winship* specifically interpreted the Due Process Clause of the Fourteenth Amendment as requiring a state to prove its case beyond a reasonable doubt in a juvenile adjudication where the juvenile is charged with violating a criminal law.

■ In a pre-*Winship* case, *United States v. Borders,* 154 F.Supp. 214 (N.D. Ala.1957), *aff'd,* 256 F.2d 458 (5th Cir.1958), we approved the district court's holding that a delinquency adjudication could be sustained on the same degree of proof necessary in an ordinary civil action. As the Fourth Circuit observed in *United States v. Costanzo,* 395 F.2d 441, 444 (4th Cir.), *cert. denied,* 393 U.S. 883, 89 S.Ct. 189, 21 L.Ed.2d 157 (1968), the rationale of *Borders* was in doubt after *Gault.* We now hold that *Borders* did not survive *Winship,* and that the Due Process Clause of the Fifth Amendment mandates proof of the underlying crime beyond a reasonable doubt in a proceeding under 18 U.S.C. § 5032. We agree with the *Costanzo* court, and with every other circuit that has passed on the question, that the standard of review for sufficiency of the evidence in an appeal from a federal juvenile adjudication is identical to that in federal criminal appeals: whether a reasonable factfinder could have found that the evidence, viewed in the light most favorable to the government, established the defendant's guilt beyond a reasonable doubt. *See United States v. Bent,* 702 F.2d 210, 213–14 (11th Cir.1983); *United States v. GJH,* 681 F.2d 527, 528 (8th Cir.1982); *United States v. Palmer,* 604 F.2d 64, 68 (10th Cir.1979); *United States v. Powers,* 420 F.2d 937, 938 (9th Cir.1970). *See generally Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ The facts here support the adjudication of delinquency beyond a reasonable doubt. De Leon's statements on September 5, and his delivery of six methaqualone tablets to the agents, are sufficient proof that De Leon was a knowing and active member of a conspiracy to distribute me-

thaqualone. *See United States v. Malatesta,* 590 F.2d 1379 (5th Cir.) (en banc), *cert. denied,* 440 U.S. 962, 99 S.Ct. 1508, 59 L.Ed.2d 777 (1979).

### III

De Leon's other two arguments merit little discussion. De Leon first asserts that methaqualone was a Schedule II controlled substance during part of the alleged duration of the conspiracy, and that the information's identification of methaqualone as a Schedule I substance was prejudicial error. De Leon's contention that the mischaracterization kept him from raising the defense that he was using the methaqualone for legitimate medical purposes is farfetched; in any case, De Leon failed to object to the information before trial and has thus waived any appellate challenge. *United States v. Lerma,* 657 F.2d 786, 789–90 (5th Cir.1981), *cert. denied,* 455 U.S. 921, 102 S.Ct. 1279, 71 L.Ed.2d 463 (1982); *United States v. Terebecki,* 692 F.2d 1345, 1347 n. 1 (11th Cir. 1982) (Garza, J., sitting by designation). We also reject without elaboration De Leon's complaint that the government did not establish an adequate chain of custody for certain drugs introduced into evidence. The district court did not abuse its discretion in admitting the drugs into evidence based on the recited chain of custody in the report of the DEA chemist who analyzed the drugs. *See Ballou v. Henri Studios, Inc.,* 656 F.2d 1147, 1154–55 (5th Cir.1981).

AFFIRMED.