**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

---

No. 97-2628

---

United States of America,    *
                          *
       Appellee,         *
                          * Appeal   from   the   United
States
        v.                * District Court for the
                          * District of South Dakota.
Juvenile L.B.G.,         *
                          *
       Appellant.        *

---

Submitted: November 18, 1997

Filed:
December 23, 1997

---

Before BEAM, HEANEY, and JOHN R. GIBSON, Circuit Judges.

---

HEANEY, Circuit Judge.

L.B.G., a Native-American juvenile, challenges the evidence supporting the district court's adjudication that he is a delinquent. Because the district court did not commit clear error and because substantial evidence supports the adjudication of delinquency, we affirm.

An information filed on February 20, 1997, charged L.B.G. with the December 26, 1996 robbery of a Taco John's restaurant in Pine Ridge, South Dakota.  Also on February 20, 1997, the United States Attorney filed a certificate for juvenile proceedings.  On March 19, 1997, a superseding information was filed which contained the original robbery charge as Count I and a charge of assaulting, resisting or impeding a federal officer as Count II.[1]

On April 24, 1997, the district court held an adjudicatory hearing on the matter.  At the hearing, government witnesses testified that two males robbed the restaurant between 9:15 and 9:20 p.m.  One of the males was wearing a black, inside-out "Starter" jacket.  The other male was wearing a stocking cap and a blue and white jacket.  The males entered the restaurant, made a large order, and then demanded money from the cashier.  During the course of the robbery, the male in the stocking cap indicated that he had a gun.  Witnesses described the males as sixteen or seventeen years old.  At the time of the robbery, three Taco John's employees were on the premises.  Two of the employees, Chris Janis and Pricilla

---

[1]At the adjudicatory hearing, L.B.G. pleaded guilty to Count II, and he does not raise it as a subject of this appeal.

Cummings, later identified L.B.G. as the robber in the stocking cap. The remaining employee, C.W., was unable to identify L.B.G. as one of the robbers. In his defense, L.B.G. challenged the eyewitness testimony and produced alibi testimony suggesting that he was in Rapid City between 6:00 and 7:00 p.m. on the day of the robbery; that heavy snow was falling

that evening, which would have made driving difficult; and that L.B.G. did not have access to a car to make the approximately 100-mile trip from Rapid City to Pine Ridge.

After making findings of fact and credibility determinations, the district court adjudicated L.B.G. a delinquent. On May 22, 1997, L.B.G. was sentenced to a two-year term of imprisonment and placed on probation until he reached the age of twenty-one.[2] L.B.G. appeals.

II.

In reviewing the sufficiency of evidence supporting a criminal conviction, "we look at the evidence in the light most favorable to the verdict and accept as established all reasonable inferences supporting the verdict." <u>United States v. Black Cloud</u>, 101 F.3d 1258, 1263 (8th Cir. 1996) (citations omitted). We adopt the same standard to review the sufficiency of evidence supporting an adjudication of delinquency. <u>See, e.g.</u>, <u>United States v. De Leon</u>, 768 F.2d 629, 631 (5th Cir. 1985) ("We agree with . . . every other circuit that has passed on the question, that the standard of review for sufficiency of the evidence in an appeal from a federal juvenile adjudication is identical to that in federal criminal appeals . . . .") (citations omitted). The

___

[2]At the time of sentencing, L.B.G. was seventeen years old.

4

evidence supporting L.B.G.'s adjudication as a delinquent, then, "need not exclude every reasonable hypothesis of innocence, but simply be sufficient to convince the [factfinder] beyond a reasonable doubt that the defendant is guilty." <u>United States v. McGuire</u>, 45 F.3d 1177, 1186 (8th Cir. 1995) (citation omitted).

In his brief, L.B.G. argues that no reasonable factfinder could have found him guilty beyond a reasonable doubt. He alleges that the dubious nature of eyewitness testimony identifying him as one of the robbers, C.W.'s failure to positively identify him as one of the robbers at trial, and alibi testimony raise a reasonable doubt that L.B.G. was one of the robbers.

L.B.G. suggests that eyewitness testimony identifying him as one of the robbers was not credible. For example, Janis did not identify L.B.G. as one of the robbers until more than a month after the robbery occurred. Janis had also unsuccessfully attempted to convince C.W. that L.B.G. was one of the robbers. L.B.G. points out that Cummings initially expressed doubt as to whether she would be able to identify either of the robbers. Nevertheless, Cummings was able to identify L.B.G. as one of the robbers for the first time at the hearing.

At the hearing, Janis and Cummings both testified, in no uncertain terms, that L.B.G. was the robber who wore the stocking cap. As the factfinder, the district court was persuaded by this testimony and found that L.B.G. had robbed the Taco John's. We review a district court's factual findings for clear error and accord deference to its credibility determinations. <u>Hadley v. Groose</u>, 97 F.3d 1131, 1134 (8th Cir. 1996) (citations omitted). While we are concerned about the problems of eyewitness

6

misidentification, <u>United States v. Dodge</u>, 538 F.2d 770, 784 (8th Cir. 1976) (citations omitted), we will reverse a district court's factual finding only if, after reviewing the record, we are "left with the definite and firm conviction that a mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948).  Having carefully reviewed the record, we have no such conviction.

L.B.G. suggests that C.W.'s inability to positively identify him as one of the robbers at the adjudicatory hearing raises reasonable doubt as to whether L.B.G. was one of the robbers. We disagree. "It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction." Dodge, 538 F.2d at 783 (citations omitted). In this case, two eyewitnesses testified that L.B.G. was one of the robbers. Additionally, we note that while C.W. did not positively identify L.B.G. as one of the robbers, she did not rule him out as one of the robbers either. The district court did not err in concluding that L.B.G. was one of the robbers in light of C.W.'s inability to identify him as such at the hearing.

At the hearing, L.B.G. elicited alibi testimony from his grandmother, mother, older brother, older brother's girlfriend, and older brother's friend. In summary, these witnesses testified that in late November, L.B.G. had gone to live with his older brother in Rapid City, approximately 100 miles from Pine Ridge; that L.B.G. was at his brother's apartment on December 26, 1996, the day of the robbery, until approximately 6:00 or 7:00 p.m.; that on that day, it was snowing heavily, which would have made driving difficult; and that L.B.G. did not drive or have access to a car to make the approximately 100-mile trip to Pine Ridge. At the conclusion of the hearing, the district court found that neither L.B.G.'s mother nor

8

grandmother provided substantive testimony that would support an alibi defense. As to L.B.G.'s remaining three alibi witnesses, the district court found that all three lacked credibility. According the district court the proper deference in making its credibility determinations, we cannot say that it erred in discrediting the alibi testimony.

III.

For the foregoing reasons, we conclude that the district court did not commit clear error and that substantial evidence supports the district court's adjudication of L.B.G. as a delinquent. Accordingly, we affirm.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

10