# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3645

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | South Dakota |
| L. C. D., | * | |
| | * | [UNPUBLISHED] |
| Defendant – Appellant. | * | |

_____

Submitted: October 21, 2010
Filed: October 26, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

L.C.D. was adjudicated a juvenile delinquent after the district court[1] found him guilty of assault. He appeals his conviction and sentence. Because sufficient evidence supported his conviction and his sentence is now moot, we affirm.

On September 21, 2008 L.C.D. was fourteen and lived on the Rosebud Sioux reservation. Early that morning, L.C.D. became involved in an argument with a group of adults that included Michelle Oakie. As the argument escalated into fighting,

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

L.C.D.'s brother joined him and the group pursued the brothers toward the home of their uncle Brian Davis. Davis emerged and hit Oakie in the face with a club. She went down swinging and blacked out. All of the witnesses who saw the fight agreed that both brothers beat Oakie's torso with bats after Davis's initial blow felled her. Oakie suffered severe facial injuries.

The government charged L.C.D. with assault with a deadly weapon, assault resulting in serious bodily injury, and aiding and abetting both counts. 18 U.S.C. §§ 2, 113(a)(3), (6). L.C.D. stipulated to his and Oakie's status as Indians and that the assaults took place in Indian country, creating federal jurisdiction over his delinquency adjudication. Id. §§ 1153(a), 5032.

The district court found L.C.D. guilty of assault with a deadly weapon and of aiding and abetting assault resulting in serious bodily injury. At sentencing both parties requested probation, of which the district court imposed five years. The court also ordered L.C.D. to participate in a residential reentry program at a juvenile services center. On appeal, L.C.D. challenges the sufficiency of the evidence to support his convictions. He also challenges the custodial portion of his sentence as unreasonable and based on an erroneous guidelines calculation.

We review de novo the sufficiency of the evidence supporting juvenile adjudications. United States v. Coleman, 584 F.3d 1121, 1125 (8th Cir. 2009); United States v. L.B.G., 131 F.3d 1276, 1277 (8th Cir. 1997). Viewing the evidence in the light most favorable to the verdict, we accept all reasonable inferences supporting it. L.B.G., 131 F.3d at 1277. We review the district court's findings of fact for clear error and accord deference to its credibility determinations. Id.

L.C.D. argues that the district court erred by crediting the four witnesses who testified to his participation in the group attack. According to L.C.D. they lacked credibility because two were drunk and were relatives of the victim, one changed his

testimony after receiving a favorable plea offer, and one testified inconsistently and in a self serving manner. The credibility of witnesses, however, "is . . . virtually unassailable on appeal." United States v. Cates, 613 F.3d 856, 858 (8th Cir. 2010). "The test for rejecting evidence as incredible is extraordinarily stringent and is often said to bar reliance only on testimony asserting facts that are physically impossible." United States v. Hakim, 491 F.3d 843, 845 (8th Cir. 2007). This testimony does not meet that standard. The district court was aware of the potential biases of the witnesses and was in the best position to weigh their testimony accordingly.

L.C.D. also argues that the evidence was insufficient to prove that he aided and abetted his uncle in inflicting serious bodily injury. Everyone taking part in an assault is guilty either as a principal or as an aider and abetter. See United States v. Felix, 996 F.2d 203, 207 (8th Cir. 1993). Several witnesses testified that L.C.D. participated in the assault. We defer to the district court in determining witness credibility and conclude that it did not err in its determinations. L.C.D. also notes various discrepancies in the witness testimony amounting to an alleged failure by the government to negate self defense. The witness testimony supports the district court's conclusion that L.C.D. could not reasonably have acted in self defense. See United States v. Bordeaux, 570 F.3d 1041, 1048 (8th Cir. 2009) (assault by a defendant after his reasonable fear of imminent harm had passed negated self defense).

As his final challenge to his conviction, L.C.D. claims that no evidence established that Oakie experienced fear of imminent bodily harm as a result of his actions. This argument fails in light of witness testimony that L.C.D. intentionally beat Oakie. "Attempts to commit battery . . . fall within the meaning of assault." United States v. Ashley, 255 F.3d 907, 911 n.4 (8th Cir. 2001).

At sentencing the district court ordered that L.C.D. receive five years probation and report immediately to a juvenile residential reentry program. L.C.D. does not appeal the length of his probation, only the residential reentry order. Since the parties

filed their briefs, L.C.D. was released on probation.  He was returned to custody in August 2010 after arrest for aggravated assault and underage drinking and now awaits a revocation hearing.

L.C.D.'s release on probation and subsequent rearrest make the court's reentry order moot.  His revocation proceedings will determine where he spends the remaining years of his sentence.  See Ali v. Cangemi, 419 F.3d 722, 723–24 (8th Cir. 2005).  Though convictions carry a presumption of collateral consequences, orders of custody during supervisory periods do not.  See Beachem v. Schriro, 141 F.3d 1292, 1293–94 (8th Cir. 1998) (holding that revocation of parole carried no presumption of collateral consequences).  Purely speculative collateral consequences cannot overcome a finding of mootness.  Spencer v. Kemna, 91 F.3d 1114, 1117 (8th Cir. 1996).  We therefore dismiss L.C.D.'s appeal of his sentence.

Accordingly, the judgment of the district court is affirmed.

_____