# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1803

_____

United States of America

*Plaintiff - Appellee*

v.

Norman David Izaguirre Guerrero, formerly known as David Norman Izaguerre Guerrero, also known as Noro

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: January 9, 2017
Filed: February 6, 2017
[Unpublished]

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

PER CURIAM.

Norman David Izaguirre Guerrero appeals his conviction for conspiracy to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Agents executed a controlled purchase of meth from Jeana Johnson. She immediately cooperated, disclosing her meth usage and dealing. She named her source in Des Moines as Jean Enamorado. Directed by law enforcement, Johnson made five controlled meth purchases from Enamorado. An agent accompanied Johnson during the fifth purchase and met him.

Two days later, officers searched Enamorado's house, seizing about 67 grams of meth, marijuana, a handgun, and notebooks with names and numbers. That same day, Enamorado agreed to cooperate, disclosing his meth sources, customers, and distributors, who included defendant Guerrero, Vany Josai Alvarado Martinez, and William Alexander Flores Vaquerano. Johnson and Enamorado, indicted for conspiracy to distribute meth, continued to provide information to law enforcement.

Over a year later, officers arrested Guerrero and searched his home, finding cash and a loaded handgun. At trial, Johnson and Enamorado testified against him. Johnson testified: (1) she began buying meth from Enamorado and selling it in 2012; (2) she received meth directly from Guerrero two or three times; and (3) Enamorado put Guerrero in charge of the meth operation while he was in prison. Enamorado testified: (1) in 2012, he began buying and selling meth; (2) Guerrero, Martinez, and Vaquerano delivered meth and collected money; (3) in 2013, the three helped him transport meth to Iowa; (4) the three ran the meth operation while he was in jail in 2013; and (5) Guerrero eventually took some of his clients and began operating his own drug distribution.

Martinez and Vaquerano, who pled guilty to conspiracy to distribute meth and cooperated with the government, also testified against Guerrero. Vaquerano testified Guerrero took meth orders, transported meth, and collected drug money. Both Martinez and Vaquerano confirmed they transported meth with him. A customer of

Enamorado who cooperated with the government after his arrest for meth possession testified that Guerrero delivered meth and collected money.

The jury convicted. Guerrero moved for judgment of acquittal and a new trial. Denying the motions, the district court[1] sentenced him to 150 months' imprisonment. Guerrero argues insufficiency of the evidence to support the verdict.

"This court reviews the denial of a motion for judgment of acquittal de novo, 'viewing the evidence in the light most favorable to the government, drawing all reasonable inferences in favor of the jury's verdict, and reversing only if no reasonable jury could have found the defendant guilty.'" *United States v. Goodale*, 738 F.3d 917, 922 (8th Cir. 2013), *quoting United States v. Gregoire*, 638 F.3d 962, 968 (8th Cir. 2011). "This court 'review[s] a denial of a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 for an abuse of discretion.'" *Id.* at 922-23, *quoting United States v. Maybee*, 687 F.3d 1026, 1032 (8th Cir. 2012). "Reviewing the sufficiency of the evidence, '[i]t is axiomatic that [this court does] not pass upon the credibility of witnesses or the weight to be given their testimony.'" *Id.* at 923, *quoting United States v. Clay*, 618 F.3d 946, 950 (8th Cir. 2010). "The standard for reviewing a claim of insufficient evidence is strict, and a jury's guilty verdict should not be overturned lightly." *United States v. Pizano*, 421 F.3d 707, 719 (8th Cir. 2005).

"The elements of a conspiracy to distribute a controlled substance under 21 U.S.C. § 846, are '(1) that there was a conspiracy, i.e., an agreement to distribute the drugs; (2) that the defendant knew of the conspiracy; and (3) that the defendant intentionally joined the conspiracy.'" *United States v. Keys*, 721 F.3d 512, 519 (8th Cir. 2013), *quoting United States v. Jiminez*, 487 F.3d 1140, 1146 (8th Cir. 2007). To uphold a conspiracy conviction, "the government must offer enough evidence to

---

[1] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

prove a defendant's connection to a conspiracy beyond a reasonable doubt." *United States v. Lopez*, 443 F.3d 1026, 1028 (8th Cir. 2006) (en banc).

The government presented evidence that: (1) Enamorado led a drug-trafficking organization that obtained drugs from across the country and distributed them in Des Moines; (2) Enamorado conspired with Guerrero, Johnson, Martinez, and Vaquerano, to distribute meth; and (3) Guerrero, Martinez, and Vaquerano assisted Enamorado in transporting drugs to Iowa. Four co-conspirators testified to Guerrero's direct participation in meth distribution and money collection. A customer corroborated this, testifying he received meth directly from Guerrero. *See United States v. Smith*, 632 F.3d 1043, 1046 (8th Cir. 2011) ("[This court has] repeatedly upheld jury verdicts based solely on the testimony of cooperating witnesses."); *United States v. L.B.G.*, 131 F.3d 1276, 1278 (8th Cir. 1997) ("It is well established that the uncorroborated testimony of a single witness may be sufficient to sustain a conviction."), *quoting United States v. Dodge*, 538 F.2d 770, 783 (8th Cir. 1976). Finally, the government presented evidence of the meth seized from Enamorado's house and the cash and loaded handgun seized from Guerrero's house.

The evidence sufficiently supported the verdict. The district court properly denied the motions for judgment of acquittal and new trial.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

-4-