# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2492

_____

United States of America

*Plaintiff - Appellee*

v.

N.B.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: May 10, 2023
Filed: August 1, 2023
[Unpublished]

_____

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court[1] adjudicated N.B. as a juvenile delinquent for destruction of government property in violation of 18 U.S.C. §§ 1361 and 5032, after finding that

_____

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

he had damaged two Powder House buildings, historic properties managed by the Bureau of Land Management (Bureau) in the Black Hills. At trial, Bureau Ranger Charles Huston testified that while executing a search warrant for an outbuilding at N.B.'s residence, he discovered two lanterns that had been reported as stolen property in a separate incident.[2] N.B. challenges the admission of this testimony, as well as the sufficiency of the evidence to support the adjudication. We affirm.

Any error in admitting Huston's testimony was harmless because it did not influence the district court's adjudication and thus did not affect N.B.'s substantial rights. See United States v. Red Legs, 28 F.4th 931, 935 (8th Cir. 2022) ("An evidentiary error is harmless when, after reviewing the entire record, we determine that the substantial rights of the defendant were unaffected, and that the error did not influence or had only a slight influence on the verdict." (quoting United States v. Farish, 535 F.3d 815, 820 (8th Cir. 2008))). The district court made no mention of the lanterns in its findings of fact or conclusions of law. D. Ct. Order of Feb. 16, 2022.

Moreover, we reject N.B.'s contention that without Huston's lantern testimony, the evidence was insufficient to support his adjudication as a juvenile delinquent. See United States v. J.H.H., 22 F.3d 821, 829 (8th Cir. 1994) (noting that in bench trial, the improper admission of evidence is harmless if the record contains sufficient admissible evidence to establish guilt). At trial, two former classmates testified that N.B. had said that he damaged the Powder House buildings with a sledgehammer. A third classmate testified that he was with N.B. at the time of the damage and described the sledgehammer, as well as some of the damage. Ranger Huston testified that he had found a sledgehammer at N.B.'s residence. The government entered into evidence a photo of the sledgehammer, which matched the description provided by the third classmate. N.B. attacks his former classmates' credibility and argues that

---

[2]Charges against N.B. related to this second incident were dismissed.

the physical evidence is inconclusive. We must, however, view the evidence in the light most favorable to the adjudication and accept all reasonable inferences supporting it. <u>See</u> <u>United States v. L.B.G.</u>, 131 F.3d 1276, 1277 (8th Cir. 1997). When so viewed, the evidence set forth above supports the adjudication.

The judgment is affirmed.

_____