**UNITED STATES of America**

v.

**Doctor Irby SPROUSE, Jr.**

Cr. No. 1994.

United States District Court
N. D. Florida, Tallahassee Division.

Oct. 22, 1956.

---

1. 28 U.S.C.A. § 1915(a).

Harrold Carswell, U. S. Atty., Tallahassee, Fla., for plaintiff.

No appearance for defendant.

DE VANE, Chief Judge.

Defendant has filed in this Court a Motion seeking to have a judgment of two years imposed for escape from the Federal Correctional Institution at Tallahassee, Florida, while under a minority commitment as a juvenile delinquent vacated and set aside.

Defendant was committed and confined in the Federal Correctional Institution by the Attorney General under a commitment issued by the United States District Court for the District of Arizona on January 7, 1952, under a Juvenile Delinquency Information. He was ordered committed for a period not exceeding his minority. While so confined, on July 19, 1953, defendant walked off from the Federal Correctional Institution. He was later apprehended in Tennessee, returned to the institution and on August 4, 1953, an Information was filed charging him with escape. A second Information was filed at the same time, charging him with the transportation in interstate commerce of a stolen automobile from Tallahassee, Florida to Chattanooga, Tennessee. Defendant entered pleas of guilty to each Information. On the escape Information he was committed to the custody of the Attorney General for a period of two years, said sentence to begin to run at the expiration of the sentence he was then serving on the Juvenile Delinquency commitment. He was also further committed to the Attorney General for a period of three years on the violation of the Dyer Act, 18 U.S.C.A. §§ 10, 2311–2313, said sentence to run consecutively with the sentence defendant was then serving and with the sentence imposed in the escape case.

The question as to whether prosecution would lie under the Escape Act, 18 U.S.C. § 751, against a juvenile delinquent was not raised at the time the Information charging escape was filed, or, in fact, before the filing of the recent motion in this case and as far as this Court can ascertain, no other Federal District Court has ever been called upon to pass upon this question. Defendant reached his majority on June 7, 1956, and has now entered upon the service of the sentence imposed upon him by this Court for a violation of the escape law. The motion, therefore, is timely made in this case.

The Court has carefully reviewed the provisions of the Escape Act, the provisions of the Youth Correction Act, 18 U.S.C. § 5010(b), and the provisions of the Juvenile Delinquency Act, particularly 18 U.S.C. §§ 5031, 5032 and 5033, and is forced to the conclusion that the Escape Act is not applicable to a person committed to a Federal institution under the Juvenile Delinquency

Act. The Escape Act is only applicable to persons *convicted of an offense* and serving time by reason of such conviction. Under the Juvenile Delinquency Act a person entitled to be proceeded against under said Act is not charged with or convicted of an offense, but is proceeded against as a juvenile delinquent for the violation of some "law of the United States". The conviction is not a crime as defined in 18 U.S.C. § 1, and the juvenile, after conviction, does not bear the stigma of a criminal or lose any of his civil rights. Title 18 U.S.C. § 751, therefore is not applicable to persons serving juvenile delinquency sentences.

A judgment in accordance with this Memorandum-Decision will be entered herein setting aside the conviction and judgment and the Information filed herein will be dismissed.