**Jose LUJAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 27483**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 14, 1970.

**1054**

Jose Lujan, pro se.

Seagal V. Wheatley, U. S. Atty., San Antonio, Tex., Romualdo Cesar Caballero, Trial Atty., U. S. Dept. of Justice, Criminal Section, Washington, D. C., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Jose Lujan appeals from an order of the district court denying his petition to vacate sentence. Lujan's difficulty began in 1947 when he was convicted in the United States District Court for the Western District of Texas for forging a physician's prescription for dilaudid tablets in violation of 18 U.S.C.A. § 72, now 18 U.S.C.A. § 494. Lujan here contests the validity of this conviction, which re-

sulted from his plea of guilty, on the ground that he was unrepresented by counsel and did not knowingly waive his right to counsel.

At the time of the 1947 conviction Lujan did not avail himself of a direct appeal, and his two-year sentence was completely served immediately after its imposition. He alleges, however, that this judgment was used as a prior conviction to justify a life sentence as a third-time felonious offender which was imposed by a Texas state court in 1951. After serving almost twelve years on this 1951 conviction, Lujan was paroled. He was subsequently convicted in a California state court for possession of marihuana and is apparently now confined in California. When his California confinement ends, Texas expects to imprison him, having lodged a parole violation warrant against him on the basis of the 1951 life sentence. Lujan alleges that he has served almost twelve years on this sentence, a period greater than the ten-year maximum which could have been imposed if the 1947 federal conviction had not been used for enhancement. The effect of holding the 1947 conviction invalid, therefore, would be to release Lujan from any further restraint or future custody under the 1951 Texas conviction.

The Supreme Court has indicated that such a situation presents a valid basis for relief by way of a motion in the nature of a writ of *coram nobis*. United States v. Morgan, 1954, 346 U.S. 502, 507, 74 S.Ct. 247, 98 L.Ed. 248. The court below, however, denied the petition to vacate the judgment without holding an evidentiary hearing. We reverse.[1]

In this case there are controverted issues of fact which cannot be decided in the absence of an evidentiary hearing. The 1947 judgment recited the following: "This day this cause coming on to

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

be heard, came the United States by their District Attorney, came also the defendant, Jose Lujan, in proper person, and the defendant having been duly advised in open court before arraignment, of the nature of the charge against him and of his right to be prosecuted upon an indictment, in open court waived the assistance of counsel and his right to be prosecuted under the indictment. * * * " The United States Attorney has filed in the district court affidavits of two former Assistant United States Attorneys and a former Deputy Clerk, stating that the practice of the court and prosecutors in 1947 was to advise indigent defendants of their right to court appointed counsel, whereupon the court would appoint counsel if desired. The judgment of conviction recites that Lujan in open court waived the assistance of counsel. Lujan, however, has filed an affidavit and a verified petition which contains detailed allegations to the contrary.

While a full evidentiary hearing is not universally required, the state of the record in this case indicates that one should have been held with Lujan present. In *Morgan* the Supreme Court held:

> "Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of coram nobis *must be heard by the federal trial court.*" 346 U.S. at 512, 74 S.Ct. at 253 (emphasis added).

■ We note particularly that the facts here are disputed, the record is inconclusive, and the government has not even attempted to refute Lujan's allegation that he was incapable of understanding his right due to illiteracy, emotional upset, and narcotics addiction. Such matters require an evidentiary hearing for resolution. Williams v. United States, 7 Cir.1962, 310 F.2d 696,

cert. denied, 379 U.S. 976, 85 S.Ct. 672, 13 L.Ed.2d 566; United States v. Valentino, 2 Cir. 1960, 283 F.2d 634. Hearings to consider attacks on the constitutionality of a criminal conviction are not to be nonchalantly denied. On the contrary, courts have a solemn duty to ferret the allegations for symptoms of constitutional infirmities. The petition and documents before us convince us that Lujan's claims are neither fatuous nor groundless. It is only where the files and records show that a petitioner is entitled to no relief that a hearing can be denied. United States v. Morgan, *supra*. This case does not fit that mold. Neither procedural complexities nor prison paronoia may forfend evidentiary hearings when such hallowed relief is sought.

Reversed with directions to hold a hearing at which petitioner is present.