**Alfred TAYLOR, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 30297

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1970.

Alfred Taylor, pro se.

Crawford Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Lonny F. Zwiener, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a Texas state convict for a writ of habeas corpus.

Appellant is presently serving a life sentence, having been convicted of possession of narcotics with two prior convictions used for enhancement of punishment. Conviction was affirmed in Taylor v. State, Tex.Cr.App., 1962, 358 S.W.2d 124, cert. den. 371 U.S. 848, 83 S.Ct. 88, 9 L.Ed.2d 85.

In his petition for writ of habeas corpus, appellant contends that one of the prior convictions used for enhancement was invalid, rendering his life sentence as an habitual criminal unconstitutional. Specifically, appellant attacks his 1953 federal conviction for forgery as improper on the grounds that he was not represented by counsel and did not knowingly waive his right to counsel.

The court below denied relief without holding an evidentiary hearing, finding from the judgment of guilt form that prior to the 1953 conviction the trial judge had advised appellant of his right to counsel and that appellant voluntarily waived this right and pleaded guilty.

Although the judgment of conviction recites that appellant waived the assistance of counsel in open court, appellant has filed a verified petition to

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409.

the contrary. The record in this case being inconclusive, the issues of fact which have been raised cannot be decided without an evidentiary hearing. United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; Lujan v. United States, 5 Cir., 1970, 424 F.2d 1053.

Since a federal conviction is under attack, the district court is directed to join the United States as a defendant in the action. The judgment below is reversed and the district court is directed to hold an evidentiary hearing to determine whether appellant waived representation by counsel.

Reversed with directions.