**Alva Johnson RODGERS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71-2176

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 20, 1971.

Rehearing Denied Nov. 29, 1971.

Alva Johnson Rodgers, pro se.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., William F. Sanderson, Jr., Asst. U. S. Atty., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

PER CURIAM:

In an eloquent pro se brief belying the fact that petitioner has only a 7th grade education and no formal legal training, Alva Johnson Rodgers seeks vacation, by way of coram nobis, of his 1946 juvenile delinquency adjudication. Since this is not a case where such extraordinary relief is compelled by the interests of justice, we affirm the Trial Court's denial of the writ.

Rodgers pleaded guilty on November 7, 1946, of being a juvenile delinquent. There was no direct appeal, and no attack was made on this judgment until the coram nobis petition was filed on June 22, 1970, more than 23 years later.

Rodgers contends that relief should be granted on grounds that the Juvenile Court failed to appoint counsel for him, and to advise him of his right to counsel. Although these allegations,

if proved, would provide grounds for coram nobis relief in an appropriate situation,[1] this is not such a case. Petitioner is not being incarcerated or in any other way adversely affected by the 1946 adjudication of delinquency,[2] nor could he be.[3] The several disabilities[4] allegedly stemming from this proceeding are more probably and directly traceable to Rodger's five subsequent felony convictions.[5] Moreover, an order of this Court setting aside the 1946 judgment could have no effect toward alleviating these difficulties in view of all the other convictions. This Court will not render a futile decree.

We would not be so blind in these post-*Gault*[6] days as to deny that a juvenile proceeding might have criminal or quasi-criminal implications and that therefore coram nobis relief from an adjudication of juvenile delinquency might be appropriate in some cases. But "con-

---

1. See, e. g., Lujan v. United States, 5 Cir., 1970, 424 F.2d 1053; Taylor v. Beto, 5 Cir., 1970, 433 F.2d 979.

2. Cf. United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

   Moreover, if the prisoner were being deprived of his liberty because of an allegedly unlawful prior conviction, habeas corpus relief would be available—even if prison confinement were no longer resulting. See Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285: "History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus. * * * Of course, that writ always could and still can reach behind prison walls and iron bars. But it can do more." 371 U.S. at 240–243, 83 S.Ct. at 376, 9 L.Ed.2d at 289–291.

3. 18 U.S.C.A. § 5032, the Federal Juvenile Delinquency Act provides:
   "The juvenile shall be proceeded against by information and *no criminal prosecution shall be instituted for the alleged violation.*" (Emphasis added.)
   And see United States v. Sprouse, N.D. Fla., 1956, 145 F.Supp. 292, 294:
   " * * * Under the Juvenile Delinquency Act a person entitled to be proceeded against under said Act is not

charged with or convicted of an offense, but is proceeded against as a juvenile delinquent for the violation of some 'law of the United States'. The conviction is not a crime as defined in 18 U.S.C. § 1, and the juvenile, after conviction, does not bear the stigma of a criminal or lose any of his civil rights * * *."

4. In his petition for coram nobis relief, Rodgers lists seven broad, general allegations of adverse effects of the 1946 judgment: (i) It has affected his life generally; (ii) It has been a deciding factor in more severe penalties imposed in connection with later convictions; (iii) It has caused him to make higher bonds.; (iv) It has been considered as part of his subsequent institutional and parole evaluation; (v) It has necessitated disclosure on job applications; (vi) It has denied him his right to vote; (vii) It has required him to register as a convict in some jurisdictions.

5. In addition to the juvenile delinquency adjudication in 1946, Rodgers has served time for grand larceny, Dyer Act violation, burglary, bank robbery and possession of counterfeit obligations of the United States (the conviction for which he is presently serving a federal sentence). Additionally, he has been arrested on numerous other occasions.

6. In re Gault, 1967, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527.

tinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice * * *." [7] This is not such a case.

Affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

By petition for rehearing, Appellant objects to our reference, in footnote 3 of the opinion, to 18 U.S.C.A. § 5032, which was not enacted until June 25, 1948 nearly two years after his adjudication of delinquency under the then effective Federal Juvenile Delinquency Act, 18 U.S.C.A. § 922 (1940 ed.), 52 Stat. 765, c. 486, § 2. The import of footnote 3 was not to suggest that this was the provision under which petitioner was proceeded against, but only to indicate the statutory difference between criminal conviction and juvenile delinquency adjudication. Interestingly, the statute in effect in 1946 contained substantially identical language to § 5032: "[S]uch person shall be prosecuted by information on the charge of juvenile delinquency, and no prosecution shall be instituted for the specific offense alleged to have been committed by him."

The other point raised in the petition for rehearing is the assertion that our result is inconsistent with Sibron v. New York, 1968, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917. The argument is that having conceded the hypothetical possibility of adverse collateral legal consequences of a juvenile delinquency adjudication in the opinion, we are obliged to grant relief on the basis of the Sibron holding that that possibility is "enough to preserve a criminal case from ending 'ignominiously in the limbo of mootness.'" This argument, too, misperceives the point of the opinion. We rec-

ognize that the case may not be *moot*, but that fact alone is not enough to justify issuance of an extraordinary writ of coram nobis. To show himself entitled to that relief, petitioner must demonstrate that such relief is required by the manifest interests of justice. United States v. Morgan, *supra*. This he has failed to do.

The inadvertent reference to a "State Trial Court" in the slip opinion had been previously corrected by changing that phrase to "Juvenile Court."

The petition for rehearing must be denied.

---

7. United States v. Morgan, 1954, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248, 256.