Harold Phillip CAMPBELL,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–4398
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1976.
Rehearing and Rehearing En Banc
Denied Nov. 12, 1976.

Harold Phillip Campbell, pro se.

Robert W. Rust, U. S. Atty., R. Jerome Sanford, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Harold Phillip Campbell filed a joint petition for coram nobis relief from a 1967 conviction and for 28 U.S.C.A. § 2255 relief from a 1972 conviction. The district court denied relief. We affirm.

Campbell was convicted in 1967 on four counts of transferring marijuana without a

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York* et al., 5 Cir., 1970, 431 F.2d 409, Part I.

required Government order form, 26 U.S.C.A. § 4742(a), and acquiring marijuana without paying the transfer tax, 26 U.S.C.A. § 4744(a)(1). The seven year sentence has been fully served. Subsequently, in 1972, Campbell was convicted by a judge without a jury of distributing 26.2 grams of heroin in violation of 21 U.S.C.A. § 841(a)(1). The resulting sentence is presently being served.

Campbell alleges that the 1967 conviction is void because the statutes are unconstitutional, the indictment was defective, and counsel was ineffective for not arguing the unconstitutionality issue. Although 26 U.S.C.A. § 4744(a)(1) has been held unconstitutional retroactively, *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), *Harrington v. United States,* 444 F.2d 1190 (5th Cir. 1971), § 4742(a) has been held to be constitutional. *Minor v. United States,* 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969). Since only four counts of the 1967 conviction would be void because of the unconstitutional statute, the remaining four counts remain valid, the granting of a coram nobis would be of no help to Campbell. *Rener v. United States,* 475 F.2d 125 (5th Cir. 1973); *Rodgers v. United States,* 451 F.2d 562 (5th Cir. 1971). The claim that the 1967 indictment was defective should have been raised before the trial and was not cognizable when raised in a postconviction proceeding. Fed.R.Crim.P. 12(b); *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). The contentions regarding inadequate counsel in 1967 are without merit, since the underlying allegations are without merit.

Campbell alleges that the 1972 conviction is void because the 1967 conviction was introduced at his trial and was considered in determining sentence, and that counsel was ineffective for allowing such use of void convictions. Campbell also asked for credit on the 1972 sentence for the time served on the 1967 conviction. As to the 1972 conviction, the district court correctly held that the 1967 offenses were admissible to show a common scheme, plan, system or intent. *United States v. Yaughn,* 493 F.2d 441 (5th Cir. 1974); *United States v. Fonseca,* 490 F.2d 464 (5th Cir. 1974). The district judge carefully reviewed the circumstances surrounding the case and determined that since this was a nonjury trial, there was no danger that the evidence of the prior allegedly invalid convictions would have been considered other than for the proper purpose, which is to establish knowledge and intent.

In reviewing the 1972 sentence, the district court correctly applied the procedures set out by this Court in *Lipscomb v. Clark,* 468 F.2d 1321 (5th Cir. 1972). Treating the prior convictions as void, the district court reviewed the record and found that the same sentence would be appropriate due to the seriousness of the offense, defendant's failure to appear for sentencing, and defendant's parole and probation violations. *Barnes v. Estelle,* 518 F.2d 182 (5th Cir. 1975); *Torres v. United States,* 490 F.2d 862 (5th Cir. 1974). The contention regarding inadequate counsel was without merit because of the invalidity of the underlying allegations.

The district judge correctly denied petitioner's motion for transcripts of his files on the basis of *United States v. Herrera,* 474 F.2d 1049 (5th Cir. 1973) and *Cowan v. United States,* 445 F.2d 855 (5th Cir. 1971). We have consistently held that a federal prisoner is not entitled to obtain copies of court records at the Government's expense to search for possible defects merely because he is indigent.

There appearing to be no merit in any of the contentions raised by the appellant on this appeal, the judgment of the district court is

AFFIRMED.