867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank FARKAS, Defendant-Appellant.
 No. 88-7657.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 21, 1988.
Decided: Jan. 23, 1989.
Rehearing Denied Feb. 21, 1989.
 
 Charles A. Kubinski, for appellant.
 Breckinridge L. Willcox, United States Attorney, Martin S. Himeles, Jr. (Office of the United States Attorney), for appellee.
 Before WIDENER, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frank Farkas appeals an order of the district court which denied his petition for coram nobis relief without a hearing. We affirm.
 
 
 2
 Farkas was convicted in 1982 of receiving stolen government typewriters, which he then resold from his store. His conviction was affirmed by this Court in United States v. Farkas, No. 82-5135 (4th Cir. Sept. 23, 1983) (unpublished). Just before entering prison, Farkas filed a coram nobis petition in which he sought a new trial on the basis of newly discovered evidence. The denial of relief on that petition was affirmed by this Court in United States v. Farkas, No. 84-6383 (4th Cir. Feb. 8, 1985) (unpublished).
 
 
 3
 Having served his sentence, Farkas again filed a coram nobis petition, again alleging newly discovered evidence. Specifically, Farkas claimed that (1) various false documents were admitted as evidence that his typewriters were stolen, (2) government purchase orders (or evidence of purchase) for certain typewriters were false, and (3) the prosecution failed to reveal, as exculpatory evidence discoverable under Brady v. Maryland, 373 U.S. 83, 87 (1963), that government regulations require the destruction of purchase orders after three years. The district court denied the petition without a hearing, and Farkas contends on appeal that the district court erred in not granting him a hearing on his claims.
 
 
 4
 The writ of coram nobis was available at common law to correct errors of fact, and district courts have the power to grant a motion for this writ under 28 U.S.C. Sec. 1651(a). United States v. Morgan, 346 U.S. 502 (1954). However, coram nobis affords relief only for fundamental errors which affect the validity and regularity of the proceeding itself. United States v. Addonizio, 442 U.S. 178, 186 (1979). When it appears conclusively from the petition and the record that the petitioner is not entitled to relief, no hearing need be held. Lujan v. United States, 424 F.2d 1053 (5th Cir.1970), cert. denied, 400 U.S. 997 (1971).
 
 
 5
 Farkas' first two claims were raised in essence in his first coram nobis petition. We need not consider them again. The Brady issue he raises here cannot succeed for several reasons. First, federal regulations, which are published in the Federal Register and the Code of Federal Regulations, are not Brady material. Brady holds that the prosecution may not suppress material evidence favorable to the accused which is in its possession and otherwise unavailable to the accused. Where information is equally available to all parties, the government is not obligated to call to the defense's attention certain information. United States v. Davis, 787 F.2d 1501 (11th Cir.), cert. denied, 479 U.S. 852 (1986). Second, Farkas claims that evidence produced as to the government's ownership of the typewriters was not credible because the federal acquisition regulation appearing at 48 C.F.R. Sec. 4.805 requires destruction of purchase records for small purchases (as defined in Part 13) three years after final payment is made. Thus, Farkas submits, many of the purchase records used at trial were too old to be genuine. However, as Sec. 4.805 is optional where small purchases are concerned, it does not automatically preclude the existence of purchase records for a longer time.
 
 
 6
 Because Farkas has not raised any issue which seriously calls into question the regularity of his trial and conviction, the district court did not err in dismissing his petition without a hearing.
 
 
 7
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.