**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 14-1889

———————————

UNITED STATES OF AMERICA

v.

ANTHONY A. BIONDI,

Appellant

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-05-cr-00418-001)
District Judge: Honorable Mary A. McLaughlin

———————————

Submitted under Third Circuit LAR 34.1(a)
on November 21, 2014

Before: AMBRO, SCIRICA and ROTH, Circuit Judges

(Opinion filed: January 26, 2015)

———————————

OPINION[*]

———————————

ROTH, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anthony A. Biondi appeals the District Court's denial of his motion to vacate his honest services fraud and income tax convictions by writ of error *coram nobis*. For the reasons set forth below, we will affirm.

**I.**

Biondi previously served as the administrator of the Borough of Norristown. In this role, he awarded Lawrence C. Mazzerle and Thomas D. Carbo municipal contracts while also accepting payments from both men. Biondi did not disclose this conflict of interest to the public or in his tax returns. On May 12, 2006, Biondi pled guilty to one count of conspiracy to commit honest services fraud,[1] four counts of honest services mail fraud,[2] and two counts of filing a false federal income tax return.[3] Biondi was sentenced to eighteen months' imprisonment, with three years of supervised release.

On June 24, 2010, in *Skilling v. United States*, the Supreme Court limited honest services fraud to cover only bribery and kickback schemes.[4] On October 19, 2013, Biondi moved to vacate his convictions by writ of error *coram nobis*. A writ of error *coram nobis* is "used to attack allegedly invalid convictions which have continuing consequence, when the petitioner has served his sentence and is no longer in custody."[5] The parties agreed that Biondi's honest services fraud convictions are invalid under

---

[1] 18 U.S.C. § 371.
[2] 18 U.S.C. §§ 1341, 1346.
[3] 26 U.S.C. § 7206(1).
[4] *See* 561 U.S. 358 (2010).
[5] *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989) (internal quotations omitted).

*Skilling* because they were premised on a conflict-of-interest theory, but the government argued that Biondi could not establish that he was suffering continuing consequences.

After a phone conference with the parties, the District Court ordered Biondi to submit additional information regarding the continuing legal consequences of his honest services fraud convictions; the court told him that, if he failed to do so, his petition would be denied. On February 28, 2014, Biondi submitted five affidavits from public officials who claimed that they would be reluctant to hire someone with an honest services fraud conviction. None of the affidavits addressed his municipal job prospects if his honest services fraud convictions were vacated but his income tax fraud convictions remained.

The District Court then requested that Biondi submit affidavits, if possible, demonstrating that he would be considered for a municipal position if his honest services fraud convictions, but not his income tax convictions, were vacated. Biondi did not respond to this order. On March 31, 2014, the District Court denied Biondi's petition because he could not demonstrate continuing consequences. Specifically, there was "no evidence . . . that the honest services fraud convictions are depriving Biondi of any right or opportunity that would otherwise be available to him" if they were vacated.

## II.[6]

The primary issue on appeal is whether Biondi suffers continuing consequences from his honest services fraud convictions sufficient to warrant *coram nobis* relief. A

---

[6] The District Court had jurisdiction under 28 U.S.C. § 1651(a), and we exercise jurisdiction under 28 U.S.C. § 1291. We exercise de novo review over the District Court's legal conclusions, and review its factual findings for clear error. *See Mendoza v. United States*, 690 F.3d 157, 159 (3d Cir. 2012).

3

court's jurisdiction to grant *coram nobis* relief is limited in scope due to the interest in the finality of judgments, and it is the petitioner's burden to demonstrate he is entitled to this "extraordinary remedy."[7]  Although this Court has not articulated a precise standard for what constitutes continuing consequences, it has held that a petitioner must establish that he suffers from something more than mere embarrassment or loss of prestige as a result of the invalid conviction.[8]  Continuing consequences that have been considered sufficient to justify *coram nobis* relief include "the denial of the right to vote or the subsequent imposition of a sentence heavier than would otherwise have been appropriate."[9]

Biondi has not met his burden of showing continuing consequences stemming from his invalid honest services fraud convictions.  Biondi claims that these convictions prevent him from obtaining employment in his professional field of municipal government.  However, vacating the honest services convictions would not remedy this consequence because Biondi would still remain convicted of the tax fraud felony. Biondi's affidavits did not address the issue of whether he could find employment in the field of municipal government if he did not have a conviction for honest services fraud but did still have a felony conviction for filing false income tax returns.  Despite Biondi's arguments to the contrary, the District Court did not err in construing against him the

---

[7] *See Stoneman*, 870 F.2d at 106.

[8] *See United States v. Cariola*, 323 F.2d 180, 182 (3d Cir. 1963).

[9] *See United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988) (discussing *Cariola*, 323 F.2d at 182).  Biondi argues that this Court should adopt the Fourth and Ninth Circuit's presumption that consequences flow from any criminal conviction.  But we have previously considered the Ninth Circuit's standard and declined to adopt it, *see id.* at 1060.  Biondi presents no reason to do so here.  In fact, such a presumption is likely inconsistent with our emphasis that *coram nobis* is "a remedy reserved for exceptional circumstances."  *Id.* at 1059; *see Cariola*, 323 F.2d at 184.

absence of this evidence.  It is Biondi who has the burden of proof.[10]  The District Court explicitly directed Biondi to submit evidence addressing the problem and he failed to do so.  Furthermore, although a tax conviction may not stand in the way of professional licensing in some instances, it would factor into an employer's hiring decisions.  As a result, the District Court properly concluded that there was no evidence that vacating Biondi's honest services fraud convictions would have any effect on his career opportunities.[11]

Biondi also seeks to challenge the validity of his tax convictions.  According to Biondi, the government overreached in requiring him to plead guilty to the tax charges as part of the plea agreement.  This argument is without merit, and fails to identify a "fundamental" error sufficient to warrant *coram nobis* relief.[12]

### III.

For the foregoing reasons, we will affirm the District Court's denial of Biondi's motion to vacate his convictions by writ of error *coram nobis*.

---

[10] *See Stoneman*, 870 F.2d at 106.

[11] *See, e.g.*, *Campbell v. United States*, 538 F.2d 692, 693 (5th Cir. 1976) (per curiam) ("Since only four counts of the 1967 conviction would be void because of the unconstitutional statute, the remaining four counts remain valid, the granting of a coram nobis would be of no help to Campbell.").

[12] *See Cariola*, 323 F.2d at 184.

5