**McKenzie JEROME, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 15–10482**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Feb. 26, 2016.

McKenzie Jerome, McRae, GA, pro se.

Wifredo A. Ferrer, Lynn M. Kirkpatrick, Lisette Marie Reid, Lisa Tobin Rubio, Kathleen Mary Salyer, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Respondent–Appellee.

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

McKenzie Jerome appeals *pro se* the denial of his petition for a writ of error coram nobis under the All Writs Act. 28 U.S.C. § 1651(a). The district court ruled that Jerome's petition was untimely due to

his unjustified delay in challenging his convictions in 2007 for smuggling 11 aliens into the United States, 8 U.S.C. § 1324(a)(2)(A); 18 U.S.C. § 2, and his sentence of 35 months of imprisonment. We affirm.

We review the denial of a petition for a writ of *coram nobis* for abuse of discretion. *United States v. Peter*, 310 F.3d 709, 711 (11th Cir.2002). A district court may issue a writ only if "there is and was no other available avenue of relief" and "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir.2000). The petitioner must provide "sound reasons for failing to seek relief earlier." *United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir.2000).

The district court did not abuse its discretion when it denied Jerome's petition. Jerome failed to explain why he waited seven years after he was resentenced to challenge the validity of his sentence and the ineffectiveness of standby trial counsel and appellate counsel. *See id.; Moody v. United States*, 874 F.2d 1575, 1578 (11th Cir.1989). No impediment prevented Jerome from raising his arguments in a motion to vacate, 28 U.S.C. § 2255, because he was not deported from the United States for more than two years after the

appeal of his resentencing was dismissed as moot, *United States v. McKenzie*, No. 06–13549 (11th Cir. Mar. 5, 2007). Jerome argued unsuccessfully on direct appeal that he was denied the opportunity to cross-examine a codefendant who had implicated him in the smuggling operation and that his waiver of counsel had not been made knowingly and voluntarily. *United States v. McKenzie*, 160 Fed.Appx. 821, 823–28 (11th Cir.2005). And Jerome could have raised by pretrial motion and on direct appeal his arguments that he was denied a speedy trial; that his indictment was multiplicitous; and that there was insufficient evidence to support his convictions. *See Alikhani*, 200 F.3d at 734. Jerome argues, for the first time, in this appeal that his indictment was defective because it failed to cite a criminal statute, but we will not "consider this argument since the issue was never raised in the proceedings below," *Rener v. United States*, 475 F.2d 125, 127 (5th Cir.1973).

We **AFFIRM** the denial of Jerome's petition for a writ of error coram nobis.