# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51218
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

HENRY R. BROWN,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-322

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Henry R. Brown, federal prisoner # 07719-424, appeals the denial of his petition for a writ of error coram nobis challenging his 1997 guilty-plea conviction for knowingly or intentionally using a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. § 843(b). He argues that the district court erred by denying relief on his claims that his trial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel, Gary Hill, rendered ineffective assistance by misadvising Brown during plea negotiations.

Coram nobis relief will be granted to correct only fundamental errors that result in a complete miscarriage of justice. *United States v. Dyer*, 136 F.3d 417, 422, 430 (5th Cir. 1998). "[A] petitioner seeking *coram nobis* must exercise reasonable diligence in seeking prompt relief." *Id.* at 427. Thus, he must provide "sound reasons" for failing to seek appropriate relief earlier. *Id.* at 422. We review the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010). Ineffective assistance of counsel may provide a valid basis for a writ of error coram nobis. *See United States v. Castro*, 26 F.3d 557, 559–60 (5th Cir. 1994).

Brown fails to show that he exercised reasonable diligence in raising his claim that Hill rendered ineffective assistance by advising him that a Section 843(b) conviction would not qualify as a felony drug offense for purposes of 21 U.S.C. § 841. *See Dyer*, 136 F.3d at 427–28. As Brown notes, we held to the contrary of Hill's alleged advice in *United States v. Mankins*, 135 F.3d 946, 949–50 (5th Cir. 1998), and Brown offers no sound reasons as to why he did not raise this argument in his 28 U.S.C. § 2255 motion, which he filed nearly nine months after we decided *Mankins*. *See Dyer*, 136 F.3d at 422.

Although Brown contends, as the factual underpinning for his second ineffective-assistance claim, that he told Hill he had not participated in the recorded phone conversation that formed the basis of his conviction, his contention is refuted by the factual basis to which he admitted as part of his plea agreement. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that an unambiguous plea agreement is entitled to great evidentiary

weight).  The district court did not clearly err by rejecting Brown's self-serving version of the facts, and it did not abuse its discretion by denying relief. *Santos-Sanchez*, 548 F.3d at 330.  As the record established that Brown was not entitled to relief, the district court did not err by declining to conduct an evidentiary hearing.  *See Lujan v. United States*, 424 F.2d 1053, 1055 (5th Cir. 1970).

Brown's motion to supplement his appellate brief is GRANTED, and the judgment of the district court is AFFIRMED.