# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40926
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO CORTES-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-MC-17

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 1995, Defendant-Appellant Sergio Cortes-Mendoza pleaded guilty to knowingly and willfully aiding and abetting the illegal entry of aliens into the United States, in violation of 8 U.S.C. § 1325 and 18 U.S.C. § 2, and received a sentence of 30 days of imprisonment. In 2016, Cortes-Mendoza filed an application for a writ of error coram nobis, challenging his 1995 conviction. The district court denied the application as barred by laches.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40926

We review the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ [of coram nobis] for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds*, 559 U.S. 1046 (2010). The writ of coram nobis is an extraordinary remedy available in the federal courts pursuant to the All Writs Act as an avenue of collateral attack for a prisoner who has completed his sentence and is no longer in custody for t purpose of seeking relief under 28 U.S.C. § 2255. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998); *see also* 28 U.S.C. § 1651(a). Coram nobis relief should be employed to correct only fundamental errors that result in a complete miscarriage of justice. *Dyer*, 136 F.3d at 422, 430.

Cortes-Mendoza has not shown that the district court abused its discretion in holding that laches applied. *See id.* at 430. Neither has he shown that the court abused its discretion by not ordering a hearing. *See Lujan v. United States*, 424 F.2d 1053, 1055 (5th Cir. 1970). Finally, because the district court did not abuse its discretion in denying Cortes-Mendoza's application, we need not consider Cortes-Mendoza's substantive arguments, which the district court did not consider. *See* U.S. CONST. art. III, § 2, cl. 1; *In re Talbott Big Foot, Inc.*, 924 F.2d 85, 87 (5th Cir. 1991).

The district court's denial of Cortes-Mendoza's application for a writ of coram nobis is AFFIRMED.