[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13897
Non-Argument Calendar

_____

D.C. Docket No. 0:07-cr-60189-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE AUSTIN, JR.,

Defendant-Appellant.


_____

No. 20-14393
Non-Argument Calendar

_____

D.C. Docket No.  0:07-cr-60189-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE AUSTIN, JR.,

                                                Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(July 27, 2021)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Steve Austin, Jr. seeks relief from what he contends was a wrongful federal conviction.  In 2007, the federal government charged Austin with burglarizing a post office in violation of 18 U.S.C. § 2115.  Austin pleaded guilty and was sentenced to 33 months in prison plus a term of supervised release.  He ended up violating his term of supervised release and was sentenced to a revocation term of 21 months in prison.  He completed his sentence and was released from federal custody in 2014.

Six years later, Austin, proceeding pro se, moved in federal district court for relief from the 2007 conviction.  As he explains on appeal, the police found him at the post office not because he was burglarizing it, but because he was at a nearby restaurant, heard someone break in, and was there following up when the police arrived.  He emphasizes that no eyewitnesses testified to his burglarizing the post

2

office, that no fingerprint evidence supported the allegations against him, and that, in any event, nothing was stolen from the post office.

Austin asked the district court to vacate his conviction but didn't say what specifically authorized the court to grant that remedy. The district court thus addressed three possible sources of authority under which it could evaluate his claims: 28 U.S.C. § 2255, Federal Rule of Civil Procedure 60(b)(3), and the writ of coram nobis. The court determined that it would lack jurisdiction under § 2255 and Rule 60(b)(3), and that Austin failed to satisfy the requirements for a writ of coram nobis. On appeal, Austin contends that the district court erred and reiterates that he was wrongfully convicted.

**I**

We conclude that the district court was correct. Regardless of the merits and demerits of Austin's claim that he was wrongfully convicted, we aren't now in a position to adjudicate that case. Because Austin is no longer in federal custody pursuant to the conviction at issue, we can't authorize relief pursuant to § 2255. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). And because his 2007 conviction arose in a criminal case, rather than a civil case, we can't authorize relief pursuant to Federal Rule of Civil Procedure 60(b)(3). *See United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003).

3

As for the writ of coram nobis, it authorizes courts to vacate a conviction only when (1) no other remedy is available, (2) the petitioner presents sound reasons for failing to seek relief earlier, and (3) the petitioner seeks to remedy an error "of the most fundamental character" that rendered the original proceeding "irregular and invalid." *United States v. Mills,* 221 F.3d 1201, 1203–04 (11th Cir. 2000); *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Here, Austin just doesn't meet that extraordinarily high standard. As to element (2), he hasn't shown us that he couldn't have sought the relief on direct appeal or through a timely § 2255 motion. And as to element (3), we don't think that Austin has shown that the proceedings leading to his original conviction—which consisted of an indictment and guilty plea—were irregular or invalid, or that any fundamental error occurred. Accordingly, we can't grant the writ.[1]

## II

Austin separately moved in the district court for certain documents relating to his past court cases. The district court denied that motion and Austin appealed that denial as well. But on appeal, Austin clarifies that he doesn't need the documents himself, but rather wanted to make sure that the reviewing court had them for its review. The documents are needed, he says "for the Court to 'decide'

---

[1] In his reply brief, Austin suggested that his trial counsel was ineffective. Because he raised it for the first time in his reply brief, this claim isn't before us. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).

the motion[,] not for the petitioner to prepare." We've been able to access all of the documents that we needed for the purpose of our review, so we think that Austin's concerns, as articulated on appeal, have been addressed. To the extent that he does appeal the district court's denial of his document request, we will affirm because the law gives him no freestanding right to the documents that he requested. *See United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020); *Campbell v. United States*, 538 F.2d 692, 693 (5th Cir. 1976).

**AFFIRMED.**